474 So.2d 7 (1985)
Billy Joe LONG, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
No. BG-139.
District Court of Appeal of Florida, First District.
August 1, 1985.
Rehearing Denied August 26, 1985.
*8 Susan K. Glant, Florida Institutional Legal Services, Inc., Gainesville, for petitioner.
Thomas H. Bateman, III, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
Petitioner seeks a belated appeal of his 1976 convictions of sexual battery, kidnapping, and false imprisonment. The State disputes petitioner's entitlement thereto because of affidavits of petitioner's two trial lawyers who were members of the public defender's office in the Eighth Judicial Circuit. In the affidavits, counsel state that they communicated with petitioner on various occasions subsequent to his convictions and that petitioner did not indicate that he desired an appeal to be taken until after the 30 days for filing a notice had lapsed.[1]
Respondent erroneously argues that those affidavits of trial counsel categorically refute petitioner's assertion that he is entitled to a belated appeal. At best, such affidavits would raise a factual dispute requiring a hearing to determine whether petitioner's right to an appeal was thwarted due to the actions of counsel. See State v. Meyer, 430 So.2d 440 (Fla. 1983). In this case, however, we find that the affidavits of trial counsel are not sufficient to raise a factual dispute requiring hearing because it is clear from the admissions contained therein that counsel did not comply with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[2] Therefore, the allegations in the affidavits conclusively show that petitioner was deprived of his right to review, as articulated by the Supreme Court in Anders, due to the trial counsel's failure to even file a notice of appeal.
For the foregoing reasons, the petition for habeas corpus seeking a belated appeal is granted. Jurisdiction is temporarily relinquished to the trial court for 20 days for determination of petitioner's entitlement to appointed counsel, and appointment thereof if appropriate.
BOOTH, C.J., and MILLS and ZEHMER, JJ., concur.
NOTES
[1] Because no direct appeal was ever taken, petitioner twice attempted to collaterally attack his convictions by filing motions pursuant to Rule 3.850, Florida Rules of Criminal Procedure. After denial of the first, petitioner filed a timely notice of appeal which inexplicably never reached this court. After denial of the second motion, petitioner perfected an appeal, which was pending when this petition was filed. (In view of our decision to grant a direct appeal, that cause has been dismissed by separate, nonpublished order.) Thus, petitioner has not failed to use due diligence in bringing his claim. However, review of a denial of a 3.850 motion is no substitute for a direct appeal.
[2] At the time of petitioner's convictions, Rule 9.140, Florida Rules of Appellate Procedure, was not yet in effect.