549 So.2d 805 (1989)
Leroy JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3151.
District Court of Appeal of Florida, First District.
October 5, 1989.
*806 Leroy Jordan, pro se.
Robert A. Butterworth, Atty. Gen., for appellee.

ORDER OF DISMISSAL
PER CURIAM.
Leroy Jordan seeks review of an order of Circuit Court rendered October 21, 1988, which denied his motion to correct sentence. When we noted that the notice of appeal was not filed until December 13, we directed Jordan to show cause why this appeal should not be dismissed for lack of jurisdiction as untimely filed.[1] His response reads in pertinent part as follows:
1. Appellant received the order denying his motion to correct his illegal sentence on or about November 5, 1988.
2. At that time, the appellant was assigned to the Marion Correctional Camp where there is no law library.
3. Appellant requested to be sent to the main facility at Marion so he could file a notice of appeal.
4. Since the order denying appellant's motion did not state there was a 30 day time limit, the work camp refused to transport him to the law library.
5. The appellant complained to the prison officials but they did not let him go to the law library until the next regularly scheduled time which was the 10th of December, 1988.
6. Notwithstanding this, the interest of justice will be served by allowing this appeal to proceed and by appointing counsel to perfect it.
Thus, as we understand his contentions, appellant asks this court to excuse his late notice of appeal on either one of two grounds, that the order of the circuit court failed to notify him of his right to an appeal and the time limit for filing a notice, or that the actions of prison officials prevented him from filing a timely notice.[2]
First, as to his right to be notified of his right to appeal, Rule 3.850, Florida Rules of Criminal Procedure, expressly requires that an order denying relief contain such notice. Omission of the language will support a belated appeal, State ex rel. Shevin v. District Court of Appeal, Third District, 316 So.2d 50 (Fla. 1975). Jordan, however, sought relief in the lower court pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. That rule does not contain language similar to that in Rule 3.850 regarding notice of a right to appeal and we decline to extend the requirement to Rule 3.800 where it is not expressly contained therein.[3] Thus, we find this lack of notification in the order does not excuse the failure to timely file a notice of appeal.
We also find that Jordan's allegations of the actions of prison officials, even if taken as true, fail to demonstrate a right to belated appeal. We do not believe that access to a law library is necessary to prepare and transmit a simple notice of appeal.
Determining that the notice of appeal was untimely and Jordan has made no showing of entitlement to a belated appeal, we dismiss this appeal for lack of jurisdiction.
SHIVERS, C.J., and WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] The failure to timely file a notice of appeal is a jurisdictional defect, Benz v. State, 346 So.2d 1081 (Fla. 1st DCA 1977).
[2] The writ of habeas corpus to secure a belated appeal is available under certain circumstances to, in effect, excuse the late filing of a notice. State v. Meyer, 430 So.2d 440 (Fla. 1983); Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969).
[3] We are unaware of any decision that holds an unsuccessful applicant for other collateral relief, such as a petitioner for the writ of habeas corpus, must be notified of his right to appeal in the order of denial.