549 So.2d 1198 (1989)
Ronnie Lee THAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1868.
District Court of Appeal of Florida, First District.
October 13, 1989.
*1199 Jeffrey P. Whitton, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., for appellee.

ORDER IMPOSING SANCTIONS
PER CURIAM.
In 1985, Ronnie Lee Thames was tried and convicted of two counts of sexual battery and sentenced to a term of imprisonment. In July, 1989, Thames filed a petition for writ of habeas corpus with this court seeking a belated appeal. The petition alleged that after a motion for new trial was denied, Thames wrote to his privately-retained trial counsel, W. Paul Thompson, and advised him that he wished to undertake an appeal. Thompson then contacted Thames' brother, who had been financially responsible for the trial representation, and stated that an additional payment would have to be made. When satisfactory arrangements were not made, Thompson took no further action.
We issued an order to show cause and the state's response indicated it did not oppose the relief sought. It stated that under ordinary circumstances it would ask that jurisdiction be relinquished to the lower tribunal for an evidentiary hearing but "in view of counsel Thompson's abysmal record of ineffectiveness before this court ..., respondent agrees that the interests of justice would be best served by granting petitioner a belated appeal without requiring an evidentiary hearing." Accordingly we granted Thames a belated appeal and, in the same order, we directed W. Paul Thompson to show cause why sanctions should not be imposed against him.[1] In his response, Thompson takes the position that he fulfilled his obligations to his client by advising him and his family of the financial deposit needed to undertake the appeal or, in the alternative, offering to contact the public defender's office on Thames' behalf. We do not agree.
When a convicted criminal defendant expresses his desire to trial counsel that he wishes to take a direct appeal, counsel must file a notice of appeal. Failure to do so constitutes ineffective assistance of counsel and this applies equally to both court-appointed attorneys and those privately-retained by defendant. State v. Meyer, 430 So.2d 440 (Fla. 1983); Long v. Wainwright, 474 So.2d 7 (Fla. 1st DCA 1985). It is not necessary to tender a filing fee at the time a notice of appeal is filed, Williams v. State, 324 So.2d 74 (Fla. 1975), and therefore the refusal or inability of Thames or his family to advance these funds does not excuse counsel's obligation to properly invoke appellate jurisdiction. If the client cannot pay the fee, he can be certified as indigent and it will be waived, section 57.081(1), Florida Statutes.[2] If the defendant is unable to pay his private trial counsel to represent him on appeal, counsel may move to withdraw after filing the notice of appeal and appellate counsel will be appointed at public expense. Fla.R.App.P. 9.140(b)(3); § 27.51(4), Fla. Stat.; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).
*1200 This court's continuing problems with the performance of W. Paul Thompson as appellate counsel have been well-documented in published opinions imposing sanctions. See McClain v. Florida Power & Light Co., 523 So.2d 1245 (Fla. 1st DCA 1988); Ferguson v. Ferguson, 504 So.2d 541 (Fla. 1st DCA 1987). We find that his failure to timely file a notice of appeal when requested by his client is a breach of Rule 9.140(b)(3) and justifies the imposition of sanctions. Accordingly, the publication of this opinion in the Southern Reporter, Second Series, shall serve as a public reprimand and a copy of the opinion will be furnished to the Florida Bar Grievance Committee for consideration of additional sanctions.
SMITH, THOMPSON and MINER, JJ., concur.
NOTES
[1] We also relinquished jurisdiction to the trial court which has appointed Jeffrey P. Whitton to represent appellant before this court.
[2] If he is able to pay the filing fee and costs of preparation of the record but refuses to do so, the appeal may ultimately be dismissed.