570 So.2d 1114 (1990)
Sherrill B. TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1647.
District Court of Appeal of Florida, Fifth District.
December 6, 1990.
Ronald E. Fox, Umatilla, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Sherrill B. Turner appeals the summary denial of his Rule 3.850 motion for post-conviction relief. We reverse.
A motion for post-conviction relief should not be summarily denied without an evidentiary hearing unless the motion and *1115 records conclusively show that the movant is entitled to no relief. See Kennedy v. State, 547 So.2d 912 (Fla. 1989); Lemon v. State, 498 So.2d 923 (Fla. 1986); Harich v. State, 484 So.2d 1239 (Fla.), cert. denied, Harich v. Wainwright, 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 993 (1986). When there is no evidentiary hearing, and the court fails to attach records refuting the movants' claim, as in this case, review is limited to a determination as to whether the motion, on its face, conclusively shows that the defendant is entitled to no relief. See Gorham v. State, 521 So.2d 1067 (Fla. 1988); Squires v. State, 513 So.2d 138 (Fla. 1987).
Appellant raised numerous grounds in his motion, each of which we find without merit except for his allegation of ineffective assistance of counsel based on a claim that his counsel failed to advise appellant of his right of appeal. Because we now know that a claim of ineffective assistance of trial counsel must be raised in a Rule 3.850 motion rather than in a petition for habeas corpus, State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla. 1990), and because the record on appeal fails to demonstrate conclusively that the appellant is entitled to no relief, this cause is reversed and remanded with instructions to the trial court to hold an evidentiary hearing on appellant's claim that his trial counsel failed to advise him of his right to appeal or in the alternative, attach that portion of the record demonstrating conclusively that appellant is entitled to no relief on this claim.
REVERSED and REMANDED with instructions.
GOSHORN, HARRIS and DIAMANTIS, JJ., concur.