588 So.2d 1042 (1991)
Sherrill B. TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-498.
District Court of Appeal of Florida, Fifth District.
November 7, 1991.
Ronald E. Fox, P.A., Umatilla, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an order denying appellant's motion for post-conviction relief. Appellant argues the trial court erred in finding he was not entitled to a belated appeal on the basis of ineffective assistance of counsel. We agree.
In Turner v. State, 570 So.2d 1114 (Fla. 5th DCA 1990), this court reversed the trial court's summary denial of appellant's motion for post-conviction relief, holding that appellant's allegation of ineffective assistance *1043 of counsel, based on a claim that his counsel failed to advise him of his right to appeal, required the trial court to either hold an evidentiary hearing on that claim or attach that portion of the record demonstrating conclusively that appellant is entitled to no relief on the claim.
On January 30, 1991, an evidentiary hearing was held. Appellant testified that he received a letter dated April 4, 1989 from his trial counsel which states, in part:
In regard to the criminal case, I have not filed a notice of appeal. If you still want to appeal in spite of the fact the Judge didn't put you in jail, a notice of appeal must be filed on or before April 15, 1989. I do not wish to do the appeal for you. If you do want to appeal, you should see another attorney. Enclosed is a notice of appeal that you can file yourself if you want to appeal which must be filed with the local court here in Lake County together with a fee in the amount of $150.00, $50.00 made payable to Hon. James C. Watkins and $100.00 made payable to Hon. Frank Habershaw, Fifth DCA.
After you file a notice of appeal, there are 70 days before the initial brief is due so if you want to file the notice, you can do so and then have some more time to consult with another attorney.
Attached was a blank pro se notice of appeal. After receiving the letter, which appellant testified he received nine or ten days after its date, appellant testified he "started ... calling every attorney in this area to see if we couldn't get someone to do the appeal, but we were unsuccessful in finding anyone." He believed he received the letter on either a Thursday or Friday, and his recollection was that the thirty-day appeal period "would have been up on Monday." He stated the reason he did not mail in the notice of appeal as suggested was because "I didn't know how to do it, for one thing, and I couldn't get anyone else to do it." Appellant indicated that prior to expiration of the thirty-day appeal period he was not served with a written motion from trial counsel requesting to withdraw as his attorney.
Appellant's trial counsel stated at the hearing
After the trial, I think the judge remanded [appellant] to custody. We had a discussion about an appeal and he indicated that he wanted to appeal at that time.
* * * * * *
I told him we couldn't appeal until the Judge sentenced him. After the sentencing, the Judge, frankly, surprised us and put him on probation and didn't sentence him to jail. We talked right out here briefly, and I said there was no sense in appealing, they didn't lock you up, and he agreed with me and said he did not want to appeal.
The attorney indicated that appellant later called him "saying that he did want to appeal and I argued with him a little bit about [how] he didn't go to jail and he said that he still wanted to appeal, that's when I wrote him the [April 4, 1989] letter." The attorney further indicated that as of the date he sent appellant the letter, he had not been permitted to withdraw as appellant's attorney. He indicated he had several reasons for refusing to handle appellant's appeal, including that "it wasn't worth it because he didn't go to jail," "I didn't have his money to file all these filing fees," and, finally, "I didn't want to do it."
The trial court denied appellant's motion, and on February 6, 1991 issued an order including the following findings:
(1) THAT trial counsel was technically in noncompliance with Fla.R.App.P. 9.140.
(2) THAT trial counsel did not withdraw from his representation of the Defendant.
(3) THAT the Defendant has availed himself of higher education opportunities, possessing an A.A. degree Cum Laude, as well as a B.A. degree.
(4) THAT the letter the trial counsel sent to the Defendant ... regarding the right to an appeal, is written in terms that readily would be understandable to a student in a ninth grade civics class.
(5) THAT the Defendant made a free and conscious decision not to appeal, *1044 based, in part, on the leniency of sentence imposed after conviction.
This appeal followed, and we reverse.
Florida Rule of Appellate Procedure 9.140 states, in part:
(3) Withdrawal of Defense Counsel After Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of his duties, or be permitted to withdraw as counsel of record, except with approval of the lower tribunal upon good cause shown upon written motion, until after
(A) the following have been filed:
(i) Notice of appeal;
(ii) Statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
(iii) Directions to the clerk, if necessary; and
(iv) Designation of that portion of the reporter's transcript necessary to support the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds.
Or:
(B) The time has expired for the filing of notice of appeal, and no such notice has been filed.
In the instant case, it is undisputed that no timely notice of appeal was filed and that trial counsel did not obtain an order allowing his withdrawal. We find this case similar to Thames v. State, 549 So.2d 1198 (Fla. 1st DCA 1989). In Thames, the defendant alleged that after his motion for new trial was denied, he wrote to his privately-retained trial counsel and advised him that he wished to take an appeal. The attorney then contacted the defendant's brother, who had been financially responsible for the trial representation, and stated that an additional payment would have to be made. The attorney asserted he fulfilled his obligations to his client by advising him and his family of the deposit needed to undertake the appeal or, in the alternative, offering to contact the public defender's office on the client's behalf. The First District disagreed:
When a convicted criminal defendant expresses his desire to trial counsel that he wishes to take a direct appeal, counsel must file a notice of appeal. Failure to do so constitutes ineffective assistance of counsel and this applies equally to both court-appointed attorneys and those privately-retained by defendant. State v. Meyer, 430 So.2d 440 (Fla. 1983); Long v. Wainwright, 474 So.2d 7 (Fla. 1st DCA 1985). It is not necessary to tender a filing fee at the time a notice of appeal is filed, Williams v. State, 324 So.2d 74 (Fla. 1975), and therefore the refusal or inability of [the defendant] or his family to advance these funds does not excuse counsel's obligation to properly invoke appellate jurisdiction. If the client cannot pay the fee, he can be certified as indigent and it will be waived, section 57.081(1), Florida Statutes. If the defendant is unable to pay his private trial counsel to represent him on appeal, counsel may move to withdraw after filing the notice of appeal and appellate counsel will be appointed at public expense. Fla.R.App.P. 9.140(b)(3), § 27.51(4), Fla. Stat.; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (footnotes omitted).
549 So.2d at 1199. The court went on to grant the petitioner a belated appeal.
The state in the instant case concedes that where the undisputed facts reveal, as a matter of law, ineffective assistance of counsel in failing, through neglect, inadvertence, or error, to file a timely notice of appeal, thereby eliminating opportunity for direct review, granting of a belated appeal is warranted. State v. Meyer, supra; Kelley v. State, 557 So.2d 694 (Fla. 4th DCA 1990). All attorneys, whether state supplied or privately retained, are under the professional duty not to neglect any legal matters entrusted to them. Meyer, 430 So.2d at 443. However, the state asserts appellant's trial counsel did not neglect appellant's legal matters, because he purposely did not file the appeal, rather than failed to file it through neglect, inadvertence or error.
*1045 We reject the state's argument. It seems irrelevant to us that appellant equivocated on whether to appeal his conviction because, when he finally decided to appeal, trial counsel merely wrote him a letter telling him how to appeal and stating he did not wish to handle the case. Trial counsel had at no time moved to withdraw. The fact that appellant could have mailed the form in puts the appellant in no better a position than the defendant in Thames, who "could" have contacted the public defender's office, as the attorney there suggested. The real issue in both cases is the performance of counsel, not appellant's failure to "transmit a simple notice of appeal." Jordan v. State, 549 So.2d 805, 806 (Fla. 1st DCA 1989).
We find that the trial counsel's failure to timely file a notice of appeal when, finally, requested to do so by his client constitutes ineffective assistance of counsel as a matter of law. Meyer; Thames. Therefore, we reverse the order denying appellant's Motion for Post-Conviction Relief with instructions to grant appellant a belated appeal.
REVERSED.
W. SHARP and COWART, JJ., concur.