591 So.2d 1147 (1992)
Alejandro VIQUEIRA, Petitioner,
v.
Richard D. ROTH, Sheriff of Monroe County, Respondent.
No. 91-2698.
District Court of Appeal of Florida, Third District.
January 14, 1992.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for petitioner.
No appearance for respondent.
Before NESBITT, FERGUSON and COPE, JJ.
COPE, Judge.
Alejandro Viqueira petitions for a writ of habeas corpus for a belated appeal. We grant the petition.
Viqueira was convicted of a cocaine offense and sentenced to incarceration in June, 1991. Viqueira requested that the public defender file an appeal on his behalf, but no notice of appeal was filed.
*1148 In September, 1991 Viqueira wrote a letter to the trial judge explaining that, although he had requested the public defender to file an appeal, the public defender had failed to do so. The pro se letter requested a belated appeal and cited decisional law. Viqueira correctly stated that the failure to file a timely notice of appeal constituted ineffective assistance of counsel.
The trial court treated the letter as a motion for leave to file a belated appeal. The court denied the belated appeal because "the defendant does not state any basis for the underlying appeal in his motion." Although the trial court sent the order to Viqueira and the state attorney, the order did not inform Viqueira that he had a right to appeal the order.
In November, 1991 Viqueira petitioned this court for a writ of habeas corpus for a belated appeal. This court appointed the public defender for purposes of the petition for writ of habeas corpus, who filed, at this court's request, a supplemental memorandum. Although afforded an opportunity to reply, the state did not do so.
We conclude that Viqueira's position is well taken and that he is entitled to relief. We first address the failure of Viqueira's counsel to file a timely notice of appeal.
The issue presented in this case is a familiar one for the appellate courts but a new one for the trial courts. Prior to 1990, where there had been a failure to file a timely notice of appeal from a criminal conviction, the defendant's remedy was to file a petition for writ of habeas corpus for belated appeal. State v. District Court of Appeal, First District, 569 So.2d 439, 440-41 (Fla. 1990). The failure to file a timely notice of appeal was viewed as ineffective assistance of appellate counsel, State v. Meyer, 430 So.2d 440, 443 (Fla. 1983), and thus the petition for writ of habeas corpus was filed in the appellate court, rather than the trial court. Where the petition showed that counsel had failed to file a timely notice of direct appeal in a criminal case, ineffective assistance of counsel was demonstrated as a matter of law. Id. In such circumstances, the petition for writ of habeas corpus for belated appeal was routinely granted.
In 1990 the Florida Supreme Court changed the applicable procedure. The court now requires that where counsel has failed to file a timely notice of direct appeal in a criminal case, relief must be sought by motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. State v. District Court of Appeal, First District, 569 So.2d at 441-42. While this was done for administrative reasons, id., it should also be noted that under the Florida Rules of Appellate Procedure, the responsibility of filing the notice of appeal (and the accomplishment of certain preliminary steps in the appeal) is that of trial counsel in a criminal case. See Fla.R.App.P. 9.140(b)(3)(A); Turner v. State, 588 So.2d 1042, 1044 (Fla. 5th DCA 1991); Thames v. State, 549 So.2d 1198 (Fla. 1st DCA 1989); see also § 27.51(4), Fla. Stat. (1989) (public defender cases). Although the procedure has changed as a result of State v. District Court of Appeal, First District, the substantive principles governing such relief have not. See Turner v. State, 588 So.2d at 1044.
Where, as here, counsel has failed to file a timely notice of direct appeal, the defendant is entitled to an order under Rule 3.850 granting a belated appeal. Viqueira is entitled to an order granting the relief he requested.
In the instant case, the trial court took the position that a belated appeal should not be granted unless the defendant set forth the basis for the underlying appeal. The trial court's thinking apparently was that the movant had not shown a basis for relief without showing some possibility of success on the merits of the appeal. In so ruling, the court erred.
The entitlement to a belated direct appeal in a criminal case is not dependent on any preliminary showing on the merits. Baggett v. Wainwright, 229 So.2d 239, 243 (Fla. 1969); see also Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). Instead, in the case of *1149 direct appeal from a criminal conviction, the approved procedure is to initiate the appeal. If appellate counsel concludes that the appeal is without merit, appellate counsel may file a motion in the appellate court to withdraw but must do so under the procedure set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
Moving to the next issue, the trial court treated Viqueira's letter as a motion for post-conviction relief and entered an order denying it. Instead of filing an appeal, Viqueira petitioned this court for a writ of habeas corpus. The petition was filed over thirty days after the entry of the order.
Because the trial court's order did not advise Viqueira of the right to appeal and the time limit for doing so, it is appropriate to grant a petition for writ of habeas corpus for belated appeal of the order denying post-conviction relief. See State ex rel. Shevin v. District Court of Appeal, Third District, 316 So.2d 50, 51 (Fla. 1975); Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991); Cox v. State, 583 So.2d 822 (Fla. 4th DCA 1991); Marsh v. State, 581 So.2d 653 (Fla. 4th DCA 1991).
Having granted a belated appeal of the order denying post-conviction relief, the order is reversed. A belated appeal of defendant's conviction and sentence is granted, and the notice of appeal is deemed filed as of the date hereof. The appeal shall proceed in accordance with the Florida Rules of Appellate Procedure.
Petition granted; order denying post-conviction relief reversed; belated appeal of conviction and sentence granted.