596 So.2d 502 (1992)
Charles Franklin SHORT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2463.
District Court of Appeal of Florida, First District.
March 27, 1992.
Charles Franklin Short, pro se.
No appearance for appellee.
JOANOS, Chief Judge.
Appellant Charles Franklin Short appeals the denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. As the basis for relief, the motion asserted that appellant's trial counsel was ineffective for failing to file a timely notice of appeal, although advised by appellant that he wished to appeal his conviction. The trial court's order indicates that relief was denied, because appellant failed to show that any reversible error occurred at trial. We reverse.
Where trial counsel has been apprised that his client wishes to appeal his *503 conviction, counsel's failure to file a timely notice of appeal constitutes ineffective assistance of counsel, "and this applies equally to both court-appointed attorneys and those privately-retained by defendant." Thames v. State, 549 So.2d 1198, 1199 (Fla. 1st DCA 1989), citing State v. Meyer, 430 So.2d 440 (Fla. 1983); Long v. Wainwright, 474 So.2d 7 (Fla. 1st DCA 1985), review denied, 482 So.2d 350 (Fla. 1986). Accord Dortch v. State, 588 So.2d 342 (Fla. 4th DCA 1991); Turner v. State, 588 So.2d 1042 (Fla. 5th DCA 1991). Therefore, if trial counsel fails to file a timely notice of direct appeal when requested to do so, the defendant is entitled to an order under rule 3.850 granting a belated appeal. Viqueira v. Roth, 591 So.2d 1147 (Fla. 3d DCA 1992). In addition, "entitlement to a belated direct appeal is not dependent on any preliminary showing on the merits." Viqueira, 591 So.2d 1147, citing Baggett v. Wainwright, 229 So.2d 239, 243 (Fla. 1969).
Application of these principles to the instant case demonstrates that appellant alleged facts sufficient to show entitlement to relief on the question of ineffective assistance of trial counsel. That is, appellant alleged that his trial counsel failed to file a timely notice of appeal, although advised by appellant that he wished to appeal his convictions. Moreover, contrary to the trial court's finding, appellant was not required to make a showing of reversible error at trial as a preliminary to entitlement to post-conviction relief.
Accordingly, the order denying relief is reversed, and this cause is remanded for a determination whether appellant requested his trial counsel to file a notice of appeal. The determination may be made by conducting an evidentiary hearing, or by attaching a portion of the record which negates appellant's allegations. See Dortch, 588 So.2d at 343.
SHIVERS and BARFIELD, JJ., concur.