596 So.2d 501 (1992)
Jeremiah WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2440.
District Court of Appeal of Florida, First District.
March 27, 1992.
Jeremiah Williams, pro se.
No appearance for appellee.
PER CURIAM.
Jeremiah Williams has appealed an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Williams' motion alleged ineffective assistance of trial counsel based on counsel's failure to file an appeal, despite Williams' request that he do so. We reverse, and remand for further proceedings.
A defendant who seeks a right to belated appeal based upon ineffective assistance of counsel must raise the issue in the trial court in a motion pursuant to Rule 3.850. Mack v. State, 586 So.2d 1266 (Fla. 1st DCA 1991), citing State v. District Court of Appeal, 569 So.2d 439 (Fla. 1990). An allegation that the defendant made a timely request for appeal which counsel failed to honor creates a colorable claim of *502 ineffective assistance, requiring either an evidentiary hearing or attachment of those portions of the record negating the allegation. Dortch v. State, 588 So.2d 342 (Fla. 4th DCA 1991); Smith v. State, 592 So.2d 1208 (Fla. 2d DCA 1992).
Here, Williams' motion alleged that his trial counsel failed to file an appeal, despite Williams' request that he do so. The trial court summarily denied the motion without explanation. Based on the foregoing authority, that ruling must be reversed, and the case remanded for further proceedings on Williams' motion.
Reversed and remanded.
JOANOS, C.J., and ERVIN and MINER, JJ., concur.