612 So.2d 643 (1993)
Dexter GUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3112.
District Court of Appeal of Florida, Fourth District.
January 13, 1993.
Rehearing, Rehearing and/or Certification Denied February 26, 1993.
*644 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing, Rehearing En Banc and/or Certification Denied February 26, 1993.
PER CURIAM.
This is an appeal from an order denying without hearing a rule 3.850 motion. We reverse and remand for an evidentiary hearing.
Appellant changed his plea during a criminal proceeding against him (as did also a codefendant), which was almost completed. He was "habitualized" as a violent habitual offender and sentenced to forty years in prison, being eligible for release no sooner than after serving fifteen years.
In his motion for post-conviction relief appellant said he moved the next day to withdraw his plea, but the motion was denied. According to his motion appellant wished to appeal, but counsel failed timely to prosecute the appeal as requested.
The motion called attention to the change in pertinent law represented by State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla. 1990) (rule 3.850 motion filed in the trial court is correct vehicle for seeking permission for belated appeal where trial counsel was ineffective in not filing appeal as requested by defendant).
The successor trial judge to the trial judge who presided over the criminal proceedings denied the motion as legally insufficient, explaining that there was nothing in the record that showed that appellant moved to set aside the guilty plea and it was denied; and that appellant failed to carry his burden of showing that he had sought to withdraw his guilty plea.
We conclude the trial court erred by looking into the wrong question. What the court needed to address was only whether appellant had requested his trial counsel to appeal, to no avail. Even if there was no denial of a request to withdraw plea, there could have been some appealable issue. A guilty plea does not rule out every conceivable opportunity to appeal.
Florida, First District was not calculated to confer on the circuit court authority to decide whether a defendant has an appealable issue. Rather, it made the rule 3.850 procedure the avenue for determining whether counsel gave inadequate assistance by failing timely to file an appeal.
Arguably, the successor trial judge reasoned that if the ground for appeal mentioned in the motion was not viable, counsel could not have given ineffective assistance by failing to file an appeal. This goes too far. There is an appeal as of right which a convicted defendant should be permitted to exercise, if he chooses, even if his appeal turns out to be without merit or it develops that no arguable issue can be found.
What was needed was to determine whether appellant had timely told trial counsel he wished to appeal, and had not subsequently changed his instructions, and whether trial counsel neglected to file a timely notice of appeal. An evidentiary *645 hearing would appear necessary in order to do this.
The public defender makes the persuasive point that according to Viqueira v. Roth, 591 So.2d 1147, 1148 (Fla. 3d DCA 1992), a defendant's entitlement to belated appeal under rule 3.850 because counsel failed to follow instructions to file a timely notice of appeal is not dependent on any preliminary showing on the merits. Accord Hudson v. State, 596 So.2d 1213, 1214 (Fla. 1st DCA 1992); Iglesias v. State, 598 So.2d 210 (Fla. 2d DCA 1992). It is error to deny such relief because the defendant has failed to show a possibility of success on the merits of the appeal. Viqueira states that the appeal should be authorized, and if appellate counsel finds no viable issues he may file an Anders brief. Id. at 1148-49.
Viqueira points out also that it is ineffective assistance for counsel to fail to see to the timely filing of a notice of appeal if defendant has made a timely request to do so. Id. at 1148.
GLICKSTEIN, C.J., and DELL, J., concur.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring.
I agree that we must reverse. In State v. Meyer, 430 So.2d 440 (Fla. 1983), the supreme court held in effect that the failure of trial counsel to file a timely notice of appeal on behalf of a convicted defendant is per se ineffective assistance of counsel. 430 So.2d at 443 ("The undisputed facts before us reveal, as a matter of law, the ineffective assistance of counsel.") If the failure to file a timely notice of appeal is per se ineffective assistance of counsel, it follows that it is not necessary for the convicted defendant to show possible efficacy of an appeal in his motion for relief under rule 3.850.