643 So.2d 105 (1994)
Clarence Devon OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-447.
District Court of Appeal of Florida, First District.
October 6, 1994.
*106 Clarence Owens, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from the trial court's summary denial of Owens' rule 3.850 motion for belated appeal. Owens pled guilty to second-degree murder and attempted armed robbery in a plea agreement filed January 10, 1992, and was sentenced respectively to consecutive terms of 40 years and 5 years on March 20, 1992. Owens filed a 3.850 motion for belated appeal on December 28, 1993, claiming ineffective assistance of counsel in failing to honor his timely request to file a notice of appeal. The trial court summarily denied Owens' 3.850 motion on January 19, 1994, stating that the motion "fails to allege the issues that he would have raised on appeal, whether and how those issues would have been dispositive in this case, or how he was otherwise prejudiced by his trial attorney's alleged failure to file a notice of appeal." The trial court further noted that Owens' plea agreement reserved no issues for appellate review, and attached a copy of the plea agreement to the order.
A rule 3.850 motion alleging that a defendant made a timely request to appeal which counsel failed to honor creates a colorable claim of ineffective assistance, requiring either an evidentiary hearing or attachment of those portions of the record negating the allegation. Williams v. State, 596 So.2d 501 (Fla. 1st DCA 1992). Entitlement to relief under such a motion is not dependent on any preliminary showing on the merits. Wimberly v. State, 634 So.2d 231, 232 (Fla. 1st DCA 1994); Viqueira v. Roth, 591 So.2d 1147, 1148-49 (Fla. 3d DCA 1992).
Accordingly, we must reverse the trial court's summary denial of Owens' 3.850 motion and remand for either an evidentiary hearing or attachment of those portions of the record negating Owens' allegation. REVERSED AND REMANDED.
BOOTH, ALLEN and BENTON, JJ., concur.