GREEN, Judge.
This is a pro se appeal from an order summarily denying a motion for post conviction relief pursuant to Rule 3.850, Florida Rule of Criminal Procedure. The appellant seeks a belated appeal and the appointment of appellate counsel based upon the grounds of ineffective assistance of counsel where his trial attorney failed to timely perfect an appeal of appellant’s conviction and sentence after a jury trial. We reverse and grant the relief requested.
On the face of his motion, appellant avers under oath that he was assured by his trial counsel that an appeal would be taken. He further avers that after the time for appeal had expired, he subsequently learned from the clerk of the court that no notice of appeal had been filed on his behalf for this cause. He initially sought relief in the lower court and when it was denied, he filed this appeal.
“Failure to timely file a notice of appeal is per se ineffective assistance of counsel because a defendant is deprived of his right to appellate review.” Kelley v. State, 637 So.2d 972, 976 (Fla. 1st DCA 1994) (quoting Robinson v. State, 462 So.2d 471, 476-77 (Fla. 1st DCA 1984), rev. denied, 471 So.2d 44 (Fla.1985)); see also Iglesias v. State, 598 So.2d 210 (Fla. 2d DCA 1992); Viqueira v. Roth, 591 So.2d 1147, 1148 (Fla. 3d DCA 1992). A criminal defendant seeking a belated appeal need not demonstrate the *878 possibility of success on the merits of the appeal. Viqueira, 591 So.2d at 1148. Indeed, a criminal defendant need not even set forth in the motion the basis for the appeal sought in his motion. Iglesias, 598 So.2d at 211. If, as in this case, it is established from the face of the motion that trial counsel failed to timely file an appeal after being requested to do so, the defendant’s request for a belated appeal and the appointment of counsel must be granted. The procedure to be followed by appellate counsel is to simply initiate the appeal. As for the merits:
If appellate counsel concludes that the appeal is without merit, appellate counsel may file a motion in the appellate court to withdraw but must do so under the procedure set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
Viqueira, 591 So.2d at 1149.
Accordingly, as in Viqueira, “[a] belated appeal of defendant’s conviction and sentence is granted, and the notice of appeal is deemed filed as of the date hereof.” Id. We further remand with instructions to the trial court to appoint appellate counsel to represent appellant on this appeal.
Reversed and remanded with instructions.