685 So.2d 975 (1997)
Roberto Herminio GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1314.
District Court of Appeal of Florida, Third District.
January 2, 1997.
Roberto Herminio Gonzalez, in pro. per.
Robert A. Butterworth, Attorney General and Douglas Gurnic, Assistant Attorney General, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
*976 PER CURIAM.
The defendant appeals from the trial court's denial of his 3.850 motion for post-conviction relief without an evidentiary hearing. In his motion, the defendant alleged ineffective assistance of counsel for failure to file a timely direct appeal. We affirm the trial court's denial of his motion on the basis that a careful review of the record reveals that the defendant pled guilty, that at the plea colloquy, the defendant expressly waived his right to a direct appeal, and that the defendant's motion failed to allege with specificity any of the limited exceptions, dictated by Robinson v. State, 373 So.2d 898 (Fla. 1979), necessary for an appeal from a guilty plea. Fla.R.Crim.P. 3.172(c)(4); Fla. R.App.P. 9.140(b). Additionally, we certify conflict with Gunn v. State, 612 So.2d 643 (Fla. 4th DCA 1993).
Affirmed; conflict certified.
GODERICH and FLETCHER, JJ., concur.
COPE, Judge (concurring).
I join the majority opinion. Because we are certifying conflict with a decision of the Fourth District, I believe it would be helpful to comment on the conflict.

I.
In the present case defendant pled guilty and was sentenced pursuant to his plea agreement. Several months later defendant filed a rule 3.850 motion requesting a belated appeal of the judgment entered pursuant to his guilty plea. In his motion defendant says only that he asked his counsel to file a notice of appeal and that counsel failed to do so.
The trial court denied defendant's 3.850 motion. Defendant has appealed.
The pivotal issue in this case is waiver. In the plea colloquy, defendant explicitly waived his right to appeal. Even if he had not said so, as a matter of law a "plea of guilty cuts off any right to an appeal from court rulings that preceded the plea...." Robinson v. State, 373 So.2d 898, 902 (Fla.1979).
To the general rulethat a guilty plea waives the right to appealthere are a few limited exceptions. "Once a defendant enters a plea of guilty, the only points available for an appeal concern actions which took place contemporaneously with the plea." Id. These are "(1) the subject matter jurisdiction, (2) the illegality of the sentence, (3) the failure of the government to abide by the plea agreement, and (4) the voluntary and intelligent character of the plea." Id. If a defendant wishes to challenge the voluntary or intelligent character of the plea, defendant must first move in the trial court to withdraw the plea. Id. "If the action of the trial court on such motion were adverse to the defendant, it would be subject to review on direct appeal." Id.[1]
The question then, is what showing a defendant must make in order to obtain a belated direct appeal of a judgment of conviction entered after a guilty or no contest plea.
In my view defendant must show (1) that he made a timely request for an appeal; (2) that his appellate issue falls within one of the Robinson exceptions; and (3) that there is a basis in the record which supports one of the Robinson exceptions.
Defendant in this case made no such showing. It follows that defendant's request for belated appeal was correctly denied. Loadholt v. State, 683 So.2d 596 (Fla. 3d DCA 1996).
Although we deny defendant's request for a belated direct appeal, this does not leave defendant without a remedy. As explained in Robinson, "The failure of a defendant to raise the issue of the validity of the plea by an appeal does not prohibit him from subsequently seeking collateral relief if the issues have not been previously addressed and ruled upon." 373 So.2d at 903.

*977 II.
In his 3.850 motion, defendant argues that in order to obtain a belated direct appeal, he only needs to show that he asked counsel to take an appeal. Relying on this court's decision in Viqueira v. Roth, 591 So.2d 1147 (Fla. 3d DCA 1992), defendant argues that he need not make any showing of the merits of his appeal. In Viqueira this court said, "The entitlement to a belated direct appeal in a criminal case is not dependent on a preliminary showing on the merits." Id. at 1148 (citations omitted).
Viqueira has no application here. In Viqueira defendant had been convicted at trial and sought to appeal his conviction. Viqueira did not involve a plea and did not involve any waiver of appellate rights.
In Viqueira defense counsel should have filed a notice of appeal but failed to do so. When Viqueira found out that no appeal had been initiated, he requested a belated appeal. The trial court denied relief because Viqueira failed to state the basis for the appeal. Id. at 1148. This court reversed, ruling that defendant Viqueira need not make a preliminary showing of the merits of the appeal. Id.
The idea underlying Viqueira is that a defendant has the right to the assistance of counsel at trial and the assistance of counsel for his first appeal of a criminal conviction. See In re Anders Briefs, 581 So.2d 149, 150 (Fla.1991). It is the responsibility of appellate counsel to review the record and identify appropriate issues for appeal. Id. at 150-51. It would therefore be unreasonable, and infringe on defendant's right to the assistance of appellate counsel, to condition the granting of a belated appeal (after trial) upon defendant's making a pro se showing of the merits of the appeal. The analysis of the merits in this context is to be performed by appellate counsel.
The logic of Viqueira does not apply where (as here) defendant has pled guilty and thus waived the right to appeal. Viqueira does not address the legal issue now before us, because in Viqueira there was neither a plea nor a waiver of appellate rights.

III.
The Fourth District in Gunn v. State, 612 So.2d 643 (Fla. 4th DCA 1993) extended this court's Viqueira decision to a case in which the defendant had been adjudicated pursuant to a guilty plea. The court stated that, even after a guilty plea, "a defendant's entitlement to belated appeal under rule 3.850 because counsel failed to follow instructions to file a timely notice of appeal is not dependent on any preliminary showing on the merits." Id. at 645 (citations omitted).[2]
For the reasons already stated, the Viqueira decision should not be applied to a request for a belated appeal after a guilty plea. Evidently the parties to Gunn did not argue that the guilty plea had waived the right to appeal, for the opinion is silent on the waiver issue.[3]

IV.
Where a defendant has pled guilty or no contest, he cannot undo the waiver of the right to appeal by simply asserting that he asked defense counsel to appeal. He must show that his appellate issue falls within one of the Robinson exceptions, and that there is record support for it. If a defendant cannot meet these threshold requirements, then the remedy is an ordinary motion for postconviction relief under rule 3.850.
NOTES
[1] Effective January 1, 1997, the above-summarized Robinson rules have been codified in revised Florida Rule of Criminal Procedure 9.140(b)(2). See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla. 1996).
[2] Other decisions taking the same view include Faircloth v. State, 661 So.2d 1292 (Fla. 4th DCA 1995), and Love v. State, 623 So.2d 1221 (Fla. 1st DCA 1993).
[3] Ironically, the result in Gunn appears to be correct even though we are in disagreement with the rationale. Gunn had made an oral motion to withdraw his plea prior to sentencing. Gunn v. State, 643 So.2d 677, 679 (Fla. 4th DCA 1994). The case therefore appears to fit into a Robinson exception. See 373 So.2d at 902.