713 So.2d 1057 (1998)
Jorge E. GONZALEZ, Petitioner,
v.
Harry K. SINGLETARY, Secretary of Florida, Department of Corrections, Respondent.
No. 98-444.
District Court of Appeal of Florida, Third District.
July 1, 1998.
*1058 Jorge E. Gonzalez, in proper person.
Robert A. Butterworth, Attorney General, and Douglas Gurnic, Assistant Attorney General, for respondent.
Before COPE, JORGENSON and GODERICH, JJ.
COPE, Judge.
Jorge E. Gonzalez petitions for a belated appeal of two orders. See Fla. R.App. P. 9.140(j). We grant relief in part and deny relief in part.
First, defendant-petitioner Gonzalez petitions for a belated appeal of the judgment entered against him on his guilty plea to the charges of kidnapping and battery. The plea was entered into in 1994.[1] Defendant contends that, even though he waived the right to appeal, he nonetheless requested that his trial counsel take an appeal.
We deny the belated appeal on authority of Gonzalez v. State, 685 So.2d 975 (Fla. 3d DCA 1997), and Loadholt v. State, 683 So.2d 596 (Fla. 3d DCA 1996). "[A] careful review of the record reveals that the defendant pled guilty, that at the plea colloquy, the defendant expressly waived his right to a direct appeal, and that the defendant's motion failed to allege with specificity any of the limited exceptions, dictated by Robinson v. State, 373 So.2d 898 (Fla.1979), necessary for an appeal from a guilty plea." Gonzalez, 685 So.2d at 976 (citations omitted); see also Fla. R.App. P. 9.140(b)(2)(A)-(B); cf. Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998) (en banc) (evaluating limited right to appeal from a plea of guilty or nolo contendere). We certify direct conflict with Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998) (en banc), review granted, (Fla. No. 92,393 March 5, 1998); Faircloth v. State, 661 So.2d 1292 (Fla. 4th DCA 1995); Owens v. State, 643 So.2d 105 (Fla. 1st DCA 1994); and Gunn v. State, 612 So.2d 643 (Fla. 4th DCA 1993).
Defendant also petitions for a belated appeal of an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Because the order did not advise defendant of the right to appeal and the deadline for doing so, we grant the belated appeal. See Viqueira v. Roth, 591 So.2d 1147, 1149 (Fla. 3d DCA 1992).
On the merits, however, we concur with the trial court that the motion was timebarred. Defendant argues that he could not file his Rule 3.850 motion until disposition of an earlier filed appeal from denial of his Rule 3.800 motion. For present purposes we assume that one or more of the Rule 3.800 issues was repeated in the Rule 3.850 motion, such that the trial court could not rule on the *1059 3.850 motion until the pending Rule 3.800 appeal had been disposed of. See Montague v. State, 710 So.2d 228 (Fla. 2d DCA 1998); Bates v. State, 704 So.2d 562 (Fla. 1st DCA 1997); Kimmel v. State, 629 So.2d 1110 (Fla. 1st DCA 1994). In this case, the defendant's earlier Rule 3.800 appeal was disposed of eleven months before the expiration of the two-year deadline for filing a Rule 3.850 motion. Accordingly, the defendant had ample time and there was no legally sufficient excuse for failure to file timely. The order denying postconviction relief is affirmed.
Petition for a belated appeal granted in part and denied in part; order denying postconviction relief affirmed; direct conflict certified.
NOTES
[1] Under Rule 9.140(j) there is a two-year time limit for requesting a belated appeal. Id. R. 9.140(j)(3)(a). However, the two-year time limit began to run on the date of the adoption of this rule, which was effective January 1, 1997. See Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1107 (Fla.1996). Consequently, the petition, filed February 7, 1998, is timely.