749 So.2d 501 (1999)
Jorge E. GONZALEZ, Petitioner,
v.
Harry K. SINGLETARY, Jr., etc., Respondent.
No. 93,547.
Supreme Court of Florida.
September 2, 1999.
George E. Gonzalez, Petitioner, Orlando, Florida, pro se.
Robert A. Butterworth, Attorney General, and Douglas Gurnic, Assistant Attorney General, Fort Lauderdale, Florida, for Respondent.
PARIENTE, J.
We have for review the decision in Gonzalez v. Singletary, 713 So.2d 1057 (Fla. 3d DCA 1998), which the district court certified to be in conflict with the opinions in Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998), Faircloth v. State, 661 So.2d 1292 (Fla. 4th DCA 1995), Owens v. State, 643 So.2d 105 (Fla. 1st DCA 1994), and Gunn v. State, 612 So.2d 643 (Fla. 4th DCA 1993). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We recently approved the First District's opinion in Trowell on the issue of what allegations a defendant who pleaded guilty must include in a petition seeking a belated appeal. See State v. Trowell, 739 So.2d 77 (Fla.1999). Accordingly, we quash that portion of the district court's decision that denied petitioner's request for a belated appeal of his conviction and remand for further proceedings in light of Trowell.[1]
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The State asserts that sections 924.06(3) and 924.051(4), Florida Statutes (1996), of the Criminal Appeal Reform Act are applicable. However, the district court neither relied upon the Criminal Appeal Reform Act as a basis for its decision nor addressed its applicability. Accordingly, we decline to do so here.