PARIENTE, J.
We have for review the decision in White v. Singletary, 711 So.2d 640 (Fla. 3d DCA 1998), which the district court certified to be in conflict with the opinions in Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998), Thompson v. State, 708 So.2d 289 (Fla. 4th DCA), review dismissed, 721 So.2d 287 (Fla.1998), Stone v. State, 688 So.2d 1006 (Fla. 1st DCA), review denied, 697 So.2d 512 (Fla.1997), and Gunn v. State, 612 So.2d 643 (Fla. 4th DCA 1993). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We recently approved the First District’s opinion in Trowell on the issue of what allegations a defendant who pleaded guilty must include in a petition seeking a belated appeal. See State v. Trowell, 739 So.2d 77 (Fla.1999). Accordingly, based on our ruling in Trowell, we quash that part of the decision below that denied petitioner’s request for a belated appeal. We remand for further proceedings in light of Trowell.[1]
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, LEWIS and QUINCE, JJ., concur.

. The State asserts that sections 924.06(3) and 924.051(4), Florida Statutes (1996), of the Criminal Appeal Reform Act are applicable. However, the district court neither relied upon the Criminal Appeal Reform Act as a basis for its decision, nor addressed its applicability. Accordingly, we decline to do so here.