746 So.2d 1208 (1999)
John D. PETERSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-3441.
District Court of Appeal of Florida, First District.
December 16, 1999.
*1209 John D. Peterson, pro se, petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, for respondent.
KAHN, J.
Petitioner seeks belated appeal of an order denying a motion for relief pursuant to Florida Rule of Criminal Procedure 3.850. We determine that the petition fails to set forth a basis for belated appeal and deny the petition.
Petitioner alleges that he received notice of the denial of his 3.850 motion while in administrative confinement where he was unable to obtain assistance from an institutional law clerk. He also alleges that he is illiterate, which hindered him from receiving assistance to pursue an appeal. He asserts that he was not released from confinement until the time to appeal had expired.
Illiteracy does not excuse the failure to comply with the time limits of the Florida Rules of Court. Cf. Stallings v. State, 736 So.2d 17 (Fla. 2d DCA 1999) (illiteracy does not excuse the failure to comply with the time limitations of rule 3.850). Nor are we persuaded that petitioner's administrative confinement prevented him from timely filing a notice of appeal. Florida Administrative Code Rule 33-3.0084(1)(I)1. directs that prison officials will take all steps required to ensure that an inmate in confinement is not denied needed legal access while in confinement. Petitioner fails to allege that being in administrative confinement prohibited him from filing a notice of appeal. Cf. Jordan v. State, 549 So.2d 805 (Fla. 1st DCA 1989) (lack of access to a law library does not show good cause for failure to timely file notice of appeal). Nor does petitioner state that he advised institutional personnel that he was facing a legal deadline or that he was in need of any kind of special assistance because of his illiteracy. We therefore determine that petitioner has failed to show entitlement to belated appeal.
PETITION DENIED.
BOOTH, J. concurs; BROWNING, J., dissents without opinion.