888 So.2d 679 (2004)
Terry W. VAUGHN, Petitioner,
v.
The STATE of Florida, Respondent.
Nos. 3D04-2558, 3D04-2727.
District Court of Appeal of Florida, Third District.
November 17, 2004.
*680 Terry W. Vaughn, in proper person; Bennett H. Brummer, Public Defender, for petitioner.
Charles J. Crist, Jr., Attorney General, for respondent.
Before GREEN, FLETCHER, and WELLS, JJ.

ON PETITION FOR BELATED APPEAL
FLETCHER, Judge.
We grant Terry W. Vaughn's petition for belated appeal. Vaughn was convicted and sentenced pursuant to a guilty plea in 1990. In 2003, Vaughn filed a habeas petition in the Federal District Court for the Southern District of Florida. The District Court granted the petition, and the State of Florida appealed. The United States Court of Appeals for the Eleventh Circuit affirmed. The Final Judgment from that Court directs the courts of Florida to allow Vaughn to pursue a direct appeal from the judgment and conviction following his guilty plea in case number 90-29525.
Pursuant to State v. Trowell, 739 So.2d 77 (Fla.1999), the appellate courts should "grant a petition seeking belated appeal if the defendant alleges that a timely request of counsel to file the notice of appeal was made and that counsel failed to do so." The Trowell court's holding is "consistent with federal court opinions holding that although a defendant pleaded guilty, the failure of counsel to file notice of appeal upon request constituted ineffective assistance of counsel as a matter of law." Trowell at 81 (citations omitted). [e.s.] This is so despite the defendant's having entered into a negotiated guilty plea and expressly waived the right to appeal matters relating to the judgment. See Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998).[1]
In this case, the Federal District Court found that Vaughn specifically requested that counsel file a direct appeal, and that counsel failed to do so. This finding and judgment, coupled with Trowell's holding, compels us to grant Vaughn's motion for belated direct appeal. We note that "the belated appeals of defendants who pleaded guilty or nolo contendere, however, will be subject to dismissal or an affirmance if there is no *681 reviewable error" and "this disposition will occur after a defendant has been granted the assistance of counsel to ascertain whether any meritorious issues exist and to present these issues to the appellate court." Trowell at 81.
We therefore grant Vaughn's motion for belated direct appeal from conviction and sentence, and order appointment of the public defender to review the file and to brief the meritorious issues, if any. Walker at 343; Libretti v. State, 854 So.2d 804 (Fla. 2d DCA 2003)(absolute right to counsel attaches for an appeal of judgment and sentence).
This opinion shall serve as a timely notice of appeal from the judgment and sentence. The circuit court clerk shall promptly certify this opinion and return it to this Court. Upon receipt of the certified opinion a new appellate case number will be assigned to the appeal. Upon receipt of the acknowledgement letter of the new appeal, the Public Defender shall forthwith file the necessary motions to cause the transcript of testimony to be transcribed and filed and the appeal shall proceed in accordance with the Florida appellate rules governing criminal appeals.
Petition for belated appeal granted.
NOTES
[1] In Gonzalez v. Singletary, 749 So.2d 501 (Fla.1999) the Florida Supreme Court, based on Trowell, quashed the Third District Court of Appeal's decision denying petitioner's request for belated appeal. In that case the petitioner had pleaded guilty and expressly waived his right to appeal. Similarly, in Walker v. State, 742 So.2d 342 (Fla. 3d DCA 1999), the defendant pleaded guilty and waived right to an appeal. After sentencing, defendant asked his attorney to appeal and counsel informed him that because of the plea, he had given up his right to appeal the judgment and sentence. Nevertheless, the Third District Court of Appeal on rehearing determined that pursuant to Trowell and Gonzalez, it was obliged to grant the petitioner a belated appeal. Compare Jackson v. State, 871 So.2d 297 (Fla. 3d DCA 2004)(petitioner entered guilty plea, waived right to appeal, but did not ask his attorney to file an appeal, thus petition for belated appeal denied).