THOMPSON, J.
In this petition for belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c), Juan M. Perez seeks review of the trial court’s rulings on pre-trial motions. He contends that he asked his trial counsel to appeal the disposition of pre-trial motions, which the trial counsel failed to do. We deny his petition for belated appeal without prejudice for Perez to file a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
Perez entered guilty pleas to kidnapping and lewd and lascivious assault, and was sentenced to 25 years of incarceration. Before the plea, his trial counsel filed several pre-trial motions, which were denied by the trial court. Perez asked counsel to appeal the court’s decisions, and counsel told him that an appeal could not be taken until after the final judgment was entered. Perez entered a plea of guilty, but argues his trial counsel did not appeal the pretrial rulings after the judgment was entered, as he requested. He alleges that his trial counsel informed him that he had waived his right to appeal when he entered his guilty plea.
Even if a defendant pleads guilty, he is entitled to an appeal if he timely asks counsel to file a notice of appeal. See Vaughn v. State, 888 So.2d 679 (Fla. 3d DCA 2004) (holding that a petition for belated appeal will be granted even where a defendant entered a negotiated guilty plea and expressly waived the right to appeal matters relating to the judgment if it is shown that the defendant specifically requested that counsel file a direct appeal, and counsel failed to do so). We find Howard v. State, 824 So.2d 1015 (Fla. 5th DCA 2002) to be dispositive. In Howard, a defendant filed a petition for belated appeal, arguing that his trial counsel was ineffective because counsel advised Howard to plead guilty to two charges without advising him that he could reserve his right to appeal the denial of the motion to suppress. Id. We held that the order denying the motion to suppress was not cognizable via a petition for belated appeal, but that the proper remedy was to file a rule 3.850 motion in the trial court, alleging ineffective assistance of trial counsel. Id. Therefore, we deny Perez’s petition for belated appeal without prejudice to file a 3.850 motion alleging ineffective assistance of counsel.
*188 Petition for Belated Appeal DENIED without prejudice.
PETERSON and PLEUS, JJ., concur.