PER CURIAM.
The appellant, Vladimir Reyna, seeks review of the trial court’s summary denial of his motion for post conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily denied the motion without attaching docu *1101 ments establishing that Mr. Reyna is not entitled to the relief that he seeks.
Mr. Reyna alleged ineffective assistance of counsel based on several purported errors or omissions of his attorney. We conclude that the trial court’s denial should be affirmed as to all grounds except for Mr. Reyna’s assertion that his plea was coerced.
A motion for post conviction relief should not be summarily denied without an evidentiary hearing unless the motion and records conclusively show that the movant is entitled to no relief. See Turner v. State, 570 So.2d 1114 (Fla. 5th DCA 1990).. The trial court did not attach the plea colloquy or other documents that might have established that appellant’s plea was entered voluntarily and knowingly. Absent such record attachments, an evidentiary hearing is required on a claim of coercion. See Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991).
Accordingly, the order of the trial court is affirmed as to all grounds except the allegation that Mr. Reyna’s plea was coerced. As to that ground, this cause is remanded with instructions that the trial court either hold an evidentiary hearing on the voluntariness of Mr. Reyna’s plea, or attach portions of the record that support the denial of relief.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PALMER, C.J., MONACO and LAWSON, JJ., concur.