# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-0010
LT Case No. 2019-CF-001305-A

———————————————

RICHARD SHAWL,

    Petitioner,

       v.

STATE OF FLORIDA,

    Respondent.

———————————————

Petition for Belated Appeal.
A Case of Original Jurisdiction.

Richard Shawl, Florida City, pro se.

Ashley Moody, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Respondent.

May 10, 2024

PER CURIAM.

The petition for belated appeal is denied on the merits. *See Porto-Sierra v. State*, 347 So. 3d 378, 379 (Fla. 5th DCA 2021) (citing *Jordan v. State*, 549 So. 2d 805, 806 (Fla. 1st DCA 1989) (finding that appellant failed to demonstrate right to belated appeal, as "[w]e do not believe that access to a law library is necessary to prepare and transmit a simple notice of appeal")); *see also Moran v. State*, 298 So. 3d 732 (Fla. 1st DCA 2020).

PETITION DENIED.


BOATWRIGHT and KILBANE, JJ., concur.
MAKAR, J., dissents with opinion.

—————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————

MAKAR, J., dissenting.


Richard Shawl, an inmate in Florida's prison system, seeks to belatedly appeal a post-conviction judgment. Immediately after receiving the final order, he filed a request with the prison law library for "deadline assistance" to type out a notice of appeal. His request was placed in "callout," meaning it was in the queue for processing, but due to delays beyond his control the "library did not finish the appeal notice." Shawl was put back on callout again, this time four days past the due date of his notice. He seeks a belated appeal because of the untimeliness of the services of the prison law library.[*]

Shawl's request should be granted. First, inmates in the custody of the Department of Corrections are required to have "adequate access to the courts and to legal materials necessary for the preparation of legal documents" via the provision of "law libraries and related services," as set forth by administrative rules. Fla. Admin. Code R. 33-501.301(1). The services that law library programs provide to inmates, known as "legal assistance," include "providing inmates access to law library materials; assisting inmates in conducting legal research; assisting inmates with the preparation of legal documents and legal mail." *Id.* r. 33-501.301(2)(k). Here, Shawl timely sought the services of the law library, but his notice was not prepared until shortly after the deadline, entirely beyond his control.

Second, the State's response to Shawl's petition does not mention the administrative rules or describe the institutional

---

[*] A prior panel of this Court determined the notice was untimely and dismissed Shawl's appeal for lack of jurisdiction but said dismissal "was without prejudice" to Shawl seeking this belated appeal under Florida Rule of Appellate Procedure 9.141(c).

prison library protocols related to preparation of legal documents for inmates. The administrative rules, however, make such services available so that "[a]ll inmates shall have a right of unhindered access to the courts." *Id.* r. 33-210.102(1). Here, Shawl has stated (twice) a reasonable basis for why his notice of appeal was late: the delays inherent in the prison law library system that he is required to use, one that is highly regulated internally within the prison system.

Finally, the State points to two cases, one from the First District and one from this court citing the First District case. *See Jordan v. State*, 549 So. 2d 805, 806 (Fla. 1st DCA 1989); *see also Porto-Sierra v. State*, 347 So. 3d 378, 379 (Fla. 5th DCA 2021) (citing *Jordan*). The First District's decision in *Jordan*, decided in 1989, predated the adoption of Florida's belated appeal rule and was at a time when habeas was used to determine such issues. More importantly, that decision predates the adoption of the detailed administrative rules related to prison law libraries and legal assistance, which support Shawl's position. Though the appellate panel in *Jordan* said that "[w]e do not believe that access to a law library is necessary to prepare and transmit a simple notice of appeal[,]" 549 So. 2d at 806, that belief is incorrect where circumstances have changed and made the preparation and filing of legal papers more closely regulated than thirty-five years ago. The same can be said for this court's citation in *Porto-Sierra* because there is no mention or indication in either case that use of the prison library for the provision of legal assistance, such as the typing of a notice of appeal, copying documents, and filing of the notice is tightly regulated and done only through institutional means.

For these reasons, Shawl has adequately stated a basis for a belated appeal.