572 So.2d 10 (1990)
Edwin Tyrone WARREN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01188.
District Court of Appeal of Florida, Second District.
December 21, 1990.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant Edwin Warren entered a negotiated plea to three separate felony offenses.[1] It was agreed that he would receive no more than twelve and one-half years in prison. After the plea colloquy the trial court advised Warren that he also faced the possibility of a term of probation to commence at the end of his prison sentence. When Warren objected, his attorney indicated that "it was understood that this would be an incarcerative sentence *11 only." The court indicated that it would review Warren's presentence investigation report and would permit him to withdraw the plea if the court could not agree to a straight prison sentence.
Warren appeared for sentencing before a different judge. Before the matter of probation was discussed, he orally moved to withdraw the plea. Warren stated that he had witnesses of his own and that he "felt" they would appear on his behalf. The state objected and produced evidence that a material witness could no longer be located (Warren had entered his plea on the morning of a scheduled jury trial). The motion was denied and sentencing was rescheduled.
At a further sentencing hearing Warren objected that his guideline scoresheet was incorrect. However, defense counsel did not contest the scoresheet, indicating that while some entries might be "questionable" they did not affect the length of sentence. The court thereupon imposed the twelve and one-half year sentence that had been agreed upon but in addition placed Warren on two and one-half years' probation consecutive to the prison sentence.
The state concedes that further proceedings are necessary to resolve the discrepancy between the sentence agreed to by Warren in exchange for his plea and that actually imposed. Upon remand, the trial court, if it cannot agree to a straight prison term without consecutive probation, should permit Warren to withdraw his plea. See, e.g., Orleman v. State, 527 So.2d 303 (Fla. 2d DCA 1988). Apart from this aspect, we find no valid ground for Warren's oral motion to withdraw his plea. Should he continue to take the position that he has grounds for relief apart from those under the foregoing plea bargain issue, he may state those grounds in a sworn motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
Warren also points to discrepancies between the written judgment and sentence forms and the trial court's oral pronouncement of sentence. At sentencing the court orally imposed a sentence of twelve and one-half years for dealing in stolen property, saying also, "and the other two felonies will be five years each concurrent with the time, and when you get out of jail, you are to serve two and a half years of probation." The written forms provide for concurrent sentences of twelve and one-half years, twelve years, and five years, each to be followed by two and a half years' probation.[2] Upon remand, if Warren's plea is not withdrawn pursuant to the above portion of this opinion, the written forms should be amended to correspond to the oral pronouncements at the time of sentencing, including a correction to reflect the plea agreement.
The remaining issues raised by Warren are without merit.
Reversed and remanded for further proceedings consistent with this opinion.
LEHAN, A.C.J., and HALL and PARKER, JJ., concur.
NOTES
[1] These were burglary of a structure, § 810.02(3), Fla. Stat. (1989); dealing in stolen property, § 812.019(1), Fla. Stat. (1989); and felony petit theft, § 812.014(2)(d), Fla. Stat. (1989).
[2] A total sanction of seven and one half years for each of the two third degree felonies ordinarily would exceed the maximum penalty allowed by statute. § 775.082(3)(d), Fla. Stat. (1989). However, Warren was sentenced as a habitual offender pursuant to § 775.084, Fla. Stat. (1989), thereby permitting the increased penalty. It is readily apparent from the record that Warren qualified for sentencing under the habitual offender statute, and that particular finding is not contested on appeal. However, we note that the sentence for burglary of a structure, as presently specified in the written judgment and sentence forms (twelve and one half years in prison followed by probation) does exceed the statutory maximum of ten years. § 775.084(4)(a)3, Fla. Stat. (1989).