620 So.2d 1083 (1993)
Mark J. ZDUNIAK, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01435.
District Court of Appeal of Florida, Second District.
June 25, 1993.
PER CURIAM.
Mark Zduniak appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Of the four issues raised in the motion, only two merit extended comment. First, Zduniak contends that his trial attorney was ineffective for having failed to file a timely notice of appeal. See State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990). Zduniak entered a plea of nolo contendere without reserving any issues for appellate review, and agreed to the specific sentence that he received. Accordingly, he had no right to appeal. Counsel's failure to file a notice, even if Zduniak requested he do so, is immaterial. Bridges v. Dugger, 518 So.2d 298 (Fla. 2d DCA 1987).
*1084 A second issue does warrant further proceedings. Zduniak alleges that counsel promised he would actually serve only ten months of his four and one-half-year prison sentence. Zduniak further states that he has learned he will serve at least two years. Because of counsel's incorrect assurances, Zduniak now feels his plea was involuntary. See, e.g., Tarpley v. State, 566 So.2d 914 (Fla. 2d DCA 1990); Bullard v. State, 477 So.2d 655 (Fla. 2d DCA 1985).
If Zduniak's allegations are true, this is yet another case in which a defendant and his attorney speculated about what a certain sentence "really" means.
With or without a specific plea agreement, it can be expected that the "flat-time" sentence ultimately imposed by the court will be further reduced to some extent by gain time. Most defense attorneys, and perhaps a substantial percentage of their clients, presumably know this. However, as Tarpley and similar cases demonstrate, an attorney who promises a certain favorable result  particularly one who does so to convince the client that a "maximum" sentence is shorter than it appears  operates at the risk he or she later will be accused of ineffectiveness.
Simmons v. State, 611 So.2d 1250, 1253 (Fla. 2d DCA 1992) (footnote omitted).
The trial court's order refers to a written plea agreement which that court found sufficient to refute this portion of Zduniak's motion. However, the form is not attached to the order denying postconviction relief. The transcript of Zduniak's plea colloquy does not indicate whether additional promises were made to him apart from those specifically mentioned in court. Only the maximum length of sentence was discussed at that time, and not the effect of gain time or other forms of early release.
After remand the trial court should reexamine the files and records in this case in an attempt to determine whether anything therein conclusively refutes Zduniak's claim that his plea was undercut by incorrect promises about the actual duration of his sentence. If so, the court may again deny the motion, attaching to its order whatever documentation it has relied upon. Otherwise, an evidentiary hearing may be necessary. Any party aggrieved by the subsequent actions of the trial court must file a timely notice to obtain further appellate review.
The remaining issues in the motion are without merit and the trial court properly denied relief as to those grounds.
Affirmed in part, reversed in part, and remanded with instructions.
PARKER, A.C.J., and PATTERSON and BLUE, JJ., concur.