PER CURIAM.
Edwin Warren appeals from the order of the trial court denying his motion for post-conviction relief that was entered following the conclusion of an evidentiary hearing. Warren’s motion alleged several grounds supporting the withdrawal of his pleas of no contest in two separate cases. We conclude that only one issue raised in one case has merit. Accordingly, we reverse and remand with instructions to the trial court to allow Warren to withdraw his pleas in that case alone, and we affirm the trial court’s denial of the motion as to the second case.
Warren was initially charged with burglary of a structure and dealing in stolen property. Five days later the state filed a second case charging him with felony petit theft. After a jury was selected in the first case, Warren entered no contest pleas on all charges with the understanding that he would be sentenced as a habitual felony offender to no more than twelve and one-half years incarceration. The trial court indicated that if, after reviewing a presentence investigation, it found it necessary to follow prison with probation, Warren could withdraw his pleas.
Warren was sentenced by a different trial judge to a total of twelve and one-half years incarceration followed by probation in the first case. In the felony petit theft case, Warren was sentenced to five years incarceration, again followed by a term of probation. The sentences were to run concurrently.
Warren appealed and we reversed and remanded to allow for a straight prison sentence, as bargained for, or the withdrawal of the pleas. Warren v. State, 572 So.2d 10 (Fla. 2d DCA 1990). In compliance with our mandate, the trial court conducted a resen-tencing hearing at which it deleted the probationary terms.[1]
Warren later filed a motion for postconvietion relief pursuant to Florida Rule of Criminal Procedure 3.850 requesting that he be allowed to withdraw his pleas. Warren alleged in part that trial counsel erroneously advised him that he would only serve a total of four and one-half to five years of his sentence, that he has since learned he must serve a minimum of seven years, and that had he not been misinformed of the true consequences of his pleas, he would have continued on with his trial.
The trial court conducted an evidentiary hearing on Warren’s allegations. Warren’s trial counsel testified that although she could not recall the exact conversation with Warren, it was “most likely” that she would have advised him that as a habitual offender he would be eligible for up to twenty days a month incentive gain time. Her testimony was based on a document titled “Gain Time” that she received while employed as an assistant public defender, and that she routinely used to assist her in advising clients. She testified that according to this document, a habitual offender is entitled to incentive gain time. She also noted:
[I]f I had been going by the twenty days a month incentive gain time it makes sense that if I said if you are able to get twenty days a month incentive gain time that would take two-thirds off the sentence, which would come down to four years.
Warren testified unequivocally that trial counsel informed him he would serve only four and one-half to five years. He also *158 testified that he has learned he must serve at least seven years and that if he had known of this fact he would not have pled but would have continued on with his trial. This testimony was uneontradicted.
In Shell v. State, 501 So.2d 1334 (Fla. 2d DCA 1987), we held that the test for determining whether a defendant may withdraw a plea, that was induced by trial counsel’s mistaken advice, is whether “the defendant has established ‘that he was prejudiced by an honest misunderstanding which contaminated the voluntariness of his [plea].”’ 501 So.2d at 1336 (citing Ramsey v. State, 408 So.2d 675, 676 (Fla. 4th DCA), review denied, 415 So.2d 1361 (Fla.1982)). We have also held that mistaken representations by trial counsel as to the amount of time a defendant would serve on a prison sentence is reason to allow withdrawal of a plea, when such misrepresentations induced the defendant to plead. See Carmichael v. State, 631 So.2d 346 (Fla. 2d DCA 1994); Zduniak v. State, 620 So.2d 1083 (Fla. 2d DCA 1993); Logan v. State, 619 So.2d 350 (Fla. 2d DCA 1993).
With regard to the first case, there is nothing in the record to conclusively refute Warren’s claim that “his plea[s] [were] undercut by incorrect promises about the actual duration of his sentence.” Zduniak, 620 So.2d at 1084. Therefore, the trial court should have allowed him to withdraw his pleas to dealing in stolen property and burglary. This reasoning does not apply to the felony petit theft case, however, since the length of the term that must be served on that sentence can only be five years or less.
We, therefore, remand to the trial court to allow Warren to withdraw his pleas in the case involving dealing in stolen property and burglary of a structure.
Affirmed in part, reversed in part, and remanded with directions.
RYDER, A.C.J., and PATTERSON and LAZZARA, JJ., concur.

. Following resentencing, Warren challenged his sentence on the ground that the habitual felony offender sentence for the felony petit theft conviction violated the double jeopardy clause. That appeal was voluntarily dismissed. Warren v. State, 591 So.2d 190 (Fla. 2d DCA 1991). Shortly thereafter, Warren filed a motion to correct an illegal sentence that was denied by the trial court. Warren appealed and this court affirmed. Warren v. State, 611 So.2d 522 (Fla. 2d DCA 1993).