652 So.2d 512 (1995)
Daniel COURSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-387.
District Court of Appeal of Florida, Fifth District.
March 31, 1995.
Daniel C. Courson, Lake City, pro se.
No Appearance for appellee.
W. SHARP, Judge.
Courson appeals the summary denial of his motion filed in the trial court pursuant to Florida Rule of Criminal Procedure 3.850 for post-conviction relief. He seeks belated appeals for sentences imposed in two criminal cases. He entered guilty pleas in both cases, was adjudicated an habitual offender, and was sentenced to ten years and twenty-five years, respectively. In his motion, Courson concludes he is entitled to belated direct appeals. We reverse.
The trial court denied the 3.850 motion because Courson failed to alleged in his sworn pleading that he instructed his attorney to file the appeals within the time permitted under Florida Rule of Criminal Procedure 3.850(g). In Courson's supplemental *513 memorandum, which was filed with his motion, these missing allegations are sufficiently made, but the memorandum does not contain a proper oath that the alleged facts are true and correct. The trial court therefore disregarded the memorandum, and did not hold a hearing to determine the veracity of the facts asserted.
However, the appendix to the memorandum does contain a sworn affidavit prepared by Courson in which he alleges that on the sentencing date in each case, he requested defense counsel to appeal the sentence imposed. These sworn allegations should have been included in the 3.850 motion, and the trial court cannot be faulted for overlooking the affidavit. Nevertheless, we conclude that the sworn allegations attached to the memorandum are sufficient to require further proceedings. We therefore reverse the order denying relief and remand for an evidentiary hearing on the ineffective assistance of counsel claim.
REVERSED and REMANDED.
GOSHORN and GRIFFIN, JJ., concur.