718 So.2d 840 (1998)
Glenn Charles AYO, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1710.
District Court of Appeal of Florida, Fifth District.
August 14, 1998.
Rehearing Denied October 13, 1998.
*841 Glenn C. Ayo, Sneads, pro se.
No Appearance for Appellee.
W. SHARP, Judge.
Ayo appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] We affirm.
Ayo pled nolo contendere to manslaughter with a firearm[2] having been charged with second degree murder,[3] possession of a firearm by a convicted felon,[4] and shooting into an occupied vehicle.[5] As part of the plea bargain, the state nol prossed the other charges. The parties also agreed the court could depart from the guidelines up to 17 years, without written reasons. Ayo filed a motion to withdraw his plea, but after a hearing he did not do so. He was sentenced to 17 years incarceration, well below the statutory maximum for this offense. No appeal was taken.
In this motion, Ayo raises fourteen issues. The Fourth Amendment issues (search and seizure problems) and all of his Fifth, Sixth and Fourteenth Amendment arguments which deal with his confession, failure of counsel to address prior issues, claim of inadequate time to prepare for trial, improper evaluation by a psychologist without counsel, questioning by a state official without counsel present, his defense of insanity at the time of the offense, judicial vindictiveness, erroneous scoresheet calculation, erroneous PSI information, wrongful departure sentence, erroneous order of restitution, and ineffective assistance of counsel, are matters that either were waived by the entry of his nolo contendere plea without any reservation, or are legally insufficient in the absence of a viable defense, or should have been raised at sentencing or on direct appeal.
Whether his plea was unlawfully induced without an understanding of the consequences is a matter Ayo can raise in a rule *842 3.850 motion. He claims he pled while under the influence of anti-depressant medication that altered his ability to clearly understand the consequences of his plea. He also claims he understood he would receive a guidelines sentence that would not exceed a 25% departure. The trial court attached a copy of the plea hearing transcript to its order, which conclusively refutes these allegations.
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] In a prior proceeding, Ayo filed a 3.850 motion within the two-year time limitation period and then sought a time extension in which to file an amendment. The trial court granted the extension, but denied a second motion for extension of time and the amended 3.850 motion, which was filed late. On appeal, this court affirmed the denial of the second request for a time extension and the amended 3.850 motion, but remanded the case for a ruling on the original 3.850 motion, which had been filed within the two year time period. See Ayo v. State, 708 So.2d 692 (Fla. 5th DCA 1998). This proceeding involves the denial of the original 3.850 motion.
[2] § 782.07(1), 775.087(1), Fla. Stat. (1997).
[3] § 782.04(2), Fla. Stat. (1997).
[4] § 790.23, Fla. Stat. (1997).
[5] § 790.19, Fla. Stat. (1997).