718 So.2d 323 (1998)
Keithan Darnell BATTIE, Petitioner,
v.
Harry SINGLETARY, Secretary of the Florida Dept. of Corrections, Respondent.
No. 98-1243.
District Court of Appeal of Florida, Third District.
September 16, 1998.
*324 Keithan Darnell Battie, in proper person.
Robert A. Butterworth, Attorney General and Doquyen T. Nguyen, Assistant Attorney General, for respondent.
Before COPE, FLETCHER and SHEVIN, JJ.
COPE, Judge.
Keithan Darnell Battie has filed a petition for writ of habeas corpus, which we treat as a petition for belated appeal under Florida Rules of Appellate Procedure 9.140(j). We deny the petition.
In exchange for waiver of the death penalty, defendant-petitioner Battie pled guilty to one count of first-degree murder and one count of second-degree murder. Pursuant to the plea agreement, defendant was sentenced to life imprisonment with a mandatory minimum sentence of twenty-five years on the first-degree murder charge, and a consecutive life sentence on the second-degree murder charge. Defendant explicitly waived the right to appeal, and did not reserve a dispositive issue for appeal. Defendant did not move to withdraw his plea prior to sentencing.
In May 1998, defendant filed a petition for belated appeal, contending that he asked his trial counsel to appeal the conviction and sentence, and that trial counsel did not do so. Defendant does not state what the basis of the belated appeal might be.
We conclude that the petition for belated appeal must be denied. Effective January 1, 1997, Florida Rule of Appellate Procedure 9.140 provides, in part:
(2) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(A) A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
(B) A defendant who pleads guilty or nolo contendere may otherwise appeal only
(i) the lower tribunal's lack of subject matter jurisdiction;
(ii) a violation of the plea agreement, if preserved by a motion to withdraw plea;
(iii)an involuntary plea, if preserved by a motion to withdraw plea;
(iv) a sentencing error, if preserved; or
(v) as otherwise provided by law.
Fla. R.App. P. 9.140(b)(2)(A)-(B).
Similarly, effective July 1, 1996, the Criminal Appeal Reform Act of 1996 provides, "if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence." § 924.051(4), Fla. Stat. (1997).
The petition must be denied. First, the defendant expressly waived the right to appeal. Second, even if that were not so, the petition does not make a showing that his conviction and sentencing order fall within any of the exceptions provided for in Rule 9.140. See Gonzalez v. State, 685 So.2d 975 (Fla. 3d DCA 1997); Loadholt v. State, 683 So.2d 596 (Fla. 3d DCA 1996); Zduniak v. State, 620 So.2d 1083 (Fla. 2d DCA 1993); Bridges v. Dugger, 518 So.2d 298 (Fla. 2d DCA 1987). We certify direct conflict with *325 Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998) (en banc).
Petition denied.[*]
NOTES
[*] We reject the State's argument of time bar. See Fla. R.App. P. 9.140(j)(3)(C).