722 So.2d 838 (1998)
Alejandro M. PONCE, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 98-0597.
District Court of Appeal of Florida, Third District.
October 21, 1998.
Alejandro M. Ponce, in proper person.
Robert A. Butterworth, Attorney General, and Mark Rosenblatt, Assistant Attorney General, for appellee.
BEFORE: COPE, GREEN, and FLETCHER, JJ.
COPE, J.
Alejandro M. Ponce appeals an order denying his motion under Florida Rule of Criminal Procedure 3.850. We treat the appeal as a petition for belated appeal under Florida Rule of Appellate Procedure 9.140(j), and deny it.
In October 1997, pursuant to a plea agreement, defendant-petitioner Ponce admitted that he had violated his probation and was sentenced to thirty months in prison. In the plea colloquy, he explicitly gave up his right to appeal.
*839 In January 1998, defendant filed a Rule 3.850 motion, in which he requested a belated appeal of the judgment sentencing him to prison. Defendant's motion contends that he had asked his counsel to appeal, but counsel had failed to do so. The trial court denied the Rule 3.850 motion, and defendant has appealed.
Effective January 1, 1997, the procedure for requesting a belated appeal is to file a petition for belated appeal in the appellate court. See Fla.R.App.P. 9.140(j); Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 777 (Fla.1996). The request for belated appeal should have been filed in this court, not the trial court. We therefore treat the appeal as a petition for belated appeal under Rule 9.140(j). See Fla.R.App.P. 9.040(c).
On the merits, we deny the petition for belated appeal. "[T]he record reveals that the defendant pled guilty, that at the plea colloquy, the defendant expressly waived his right to a direct appeal, and that the defendant's motion failed to allege with specificity any of the limited exceptions, dictated by Robinson v. State, 373 So.2d 898 (Fla. 1979), necessary for an appeal from a guilty plea." Gonzalez v. State, 685 So.2d 975, 976 (Fla. 3d DCA 1997) (citations omitted); see also Battle v. Singletary, 718 So.2d 323 (Fla. 3d DCA 1998); Gonzalez v. Singletary, 713 So.2d 1057 (Fla. 3d DCA 1998); White v. Singletary, 711 So.2d 640 (Fla. 3d DCA 1998); Loadholt v. State, 683 So.2d 596, 597 (Fla. 3d DCA 1996); Hampton v. State, 680 So.2d 581, 583 (Fla. 3d DCA 1996). We certify direct conflict with Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998) (en banc).
Petition for belated appeal denied; direct conflict certified.