COPE, J.
Donnell Canty appeals an order denying postconviction relief. We affirm.
After conviction in circuit court case number 96-37916, defendant-appellant Canty agreed to abandon the motion for new trial in exchange for a sentence of two-and-one-half years as a habitual violent felony offender. Defendant simultaneously entered a plea in another pending case, for the identical sentence. As part of the plea, defendant explicitly agreed to give up the right to appeal, including appeal in the just-tried case number 96-37916.
By motion for postconviction relief, defendant asserts that he asked his counsel to file a notice of appeal but that counsel failed to do so. The trial court properly denied relief on this claim. Defendant waived the right to appeal, and defendant’s motion does not set forth any of the limited exceptions under which there is a right to direct appeal after a guilty plea. See Robinson v. State 373 So.2d 898 (Fla.1979); see also Ponce v. State, 722 So.2d 838 (Fla. 3d DCA 1998); Gonzalez v. State, 685 So.2d 975, 976 (Fla. 3d DCA 1997). On this point, we certify direct conflict with Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998) (en banc).
Defendant’s claim that trial counsel misad-vised him of the maximum penalties in the two cases is refuted by the trial court’s statement of the maximum penalties during the plea colloquy. The defendant’s remaining two claims assert ineffective assistance of counsel during trial, and are immaterial in light of the defendant’s decision to enter a post-trial plea. See Ayo v. State, 718 So.2d 840 (Fla. 5th DCA 1998).
Affirmed; direct conflict certified.