739 So.2d 77 (1999)
STATE of Florida, Petitioner,
v.
Ronald TROWELL, Respondent.
No. 92,393.
Supreme Court of Florida.
May 27, 1999.
Rehearing Denied August 5, 1999.
*78 Robert A. Butterworth, Attorney General, and James W. Rogers, Senior Assistant Attorney General, Tallahassee, Florida, for Petitioner.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Chief, Appellate Intake Division, Second Judicial Circuit, Tallahassee, Florida, for Respondent.
PARIENTE, J.
We have for review the decision in Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998) (en banc), which certified conflict with the decisions in Bridges v. Dugger, 518 So.2d 298 (Fla. 2d DCA 1987), Gonzalez v. State, 685 So.2d 975 (Fla. 3d DCA 1997), Loadholt v. State, 683 So.2d 596 (Fla. 3d DCA 1996), and Zduniak v. State, 620 So.2d 1083 (Fla. 2d DCA 1993). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we approve Trowell.
Ronald Trowell entered a guilty plea and was convicted of armed burglary and first-degree murder for an incident occurring in 1991. Acting pro se, Trowell filed a timely motion seeking a belated appeal pursuant to Florida Rule of Criminal Procedure 3.850.[1] In the motion, Trowell alleged that his court-appointed counsel failed to file a notice of appeal as he requested.[2] The trial court summarily denied the 3.850 motion. On appeal, the First District treated Trowell's appeal of the trial court's denial of his rule 3.850 motion as a petition requesting a belated appeal filed in the appellate court under Florida Rule of Appellate Procedure 9.140(j). See Trowell, 706 So.2d at 338. The district court reversed the denial of the 3.850 motion, finding that the motion stated sufficient grounds for a belated appeal under rule 9.140(j). See id.
In an en banc decision, the First District reasoned that under our decisions in Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), and Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla.1996), defendants seeking a belated appeal are required to allege only that they made a timely request of counsel to file an appeal and that counsel failed to comply with the request. See id. at 337. The district court acknowledged that defendants have only a limited right to appeal from a guilty plea under Amendments and Robinson v. State, 373 So.2d 898 (Fla. 1979). See Trowell, 706 So.2d at 336-37. However, it rejected a requirement that a defendant unassisted by counsel must first file "sufficiently stated errors before his appeal may proceed," which would be "entirely irrelevant to his appellate rights if his lawyer had simply honored his client's request and filed the notice." Id. at 338 (relying on Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)). Nonetheless, the district court stated that both timely and belated appeals from guilty pleas would be subject to dismissal *79 if the record does not reveal a reviewable error. See Trowell, 706 So.2d at 337.
Five members of the First District dissented. The dissenters argued that the majority opinion failed to distinguish between defendants who had pleaded guilty and those who went to trial. See id. at 339 (Joanos, J., dissenting); id. at 342 (Miner, J., dissenting). The dissents distinguished Baggett, Rodriquez, and Anders because those cases involved defendants who had jury trials. The dissenters asserted that a defendant who pleaded guilty has no right to a direct appeal absent an allegation that the appeal presents an issue cognizable under Robinson. See Trowell, 706 So.2d at 341 (Joanos, J., dissenting); id. at 343-44 (Miner J., dissenting).
In response to these opinions, Judge Webster, in a concurring opinion, observed that:
The rule advocated by the dissenters would create two classesthose whose attorneys honored their request to file a notice of appeal, who need not satisfy any further condition to prosecute their appeal; and those, like appellant, whose attorneys did not honor their request to file a notice of appeal, who, solely because of their attorneys' dereliction, must overcome an additional hurdle before they will be permitted to prosecute their appeal. I can perceive no rational basis for such disparate treatment.
Id. at 338.

ANALYSIS
We are asked to decide whether defendants who pleaded guilty must include in their petitions for belated appeal allegations regarding the issues to be appealed and the merits of those issues. The First and Fourth Districts have required that a defendant seeking a belated appeal allege only that the defendant made a timely request of counsel to file an appeal and counsel failed to do so. See, e.g., Trowell, 706 So.2d at 337; Gunn v. State, 612 So.2d 643, 645 (Fla. 4th DCA 1993). In contrast, the Second and Third Districts have held that if a defendant pleaded guilty, the petition seeking a belated appeal must allege that if granted, the appeal would be potentially meritorious because it presents an issue cognizable under Robinson. See, e.g., White v. Singletary, 711 So.2d 640, 640 (Fla. 3d DCA 1998); Bridges, 518 So.2d at 300. The opinions of the Fifth District have not squarely addressed this issue. See Denson v. State, 710 So.2d 144, 145 (Fla. 5th DCA 1998) (finding petition for belated appeal sufficient if it alleges that the attorney failed to file the appeal as requested, but not specifying whether the defendant had pleaded guilty or gone to trial); Courson v. State, 652 So.2d 512, 512 (Fla. 5th DCA 1995) (remanding for evidentiary hearing on ineffective assistance of counsel claim where defendant who pleaded guilty alleged that counsel failed to file notice of appeal as requested).
We begin our analysis with Baggett, in which this Court first set forth a procedure for indigent defendants to obtain a belated appeal by filing a petition for writ of habeas corpus in the appellate court. 229 So.2d at 243-44. Relying upon the United States Supreme Court's decision in Rodriquez, we rejected the argument that the petitioner would have to demonstrate "at least arguable reversible error" as a precondition to obtaining the belated appeal. Baggett, 229 So.2d at 243. Although Baggett involved a defendant who had been convicted after a trial, the decision made no distinction between defendants who pleaded guilty and those who went to trial.
Subsequently, this Court concluded that the right to obtain a belated appeal should not depend upon whether the default occurred as a result of the actions of a court-appointed attorney or a private attorney. See State v. Meyer, 430 So.2d 440, 443 (Fla.1983). Each of the defendants in Meyer had been found guilty and each of their attorneys had failed to file a notice of appeal. We stated that "[t]he undisputed facts before us reveal, as a matter of law, the ineffective assistance of appellate *80 counsel." Id. (emphasis supplied). Thus, the failure of counsel to file a notice of appeal as timely requested by the defendant constituted per se ineffective assistance of counsel. See id. As in Baggett, the Court in Meyer did not distinguish between defendants who had pleaded guilty and those who were convicted after a trial.
The Fourth District relied on Meyer in Faircloth v. State, 661 So.2d 1292, 1293 (Fla. 4th DCA 1995), and concluded that the allegation that the defendant requested trial counsel to file a notice of appeal established ineffective assistance of counsel as a matter of law, although the defendant had pleaded guilty. As explained by Judge Farmer in Gunn, "[i]f the failure to file a timely notice of appeal is per se ineffective assistance of counsel [pursuant to Meyer], it follows that it is not necessary for the convicted defendant to show possible efficacy of an appeal." Gunn, 612 So.2d at 645 (Farmer, J. concurring).
Following these decisions, this Court promulgated Florida Rule of Appellate Procedure 9.140(j), governing belated appeals and ineffective assistance of appellate counsel claims, to ensure that all such petitions would be filed in the appellate courts. See Fla. R.App. P. 9.140 Committee Notes (1996). Similar to our prior case law, rule 9.140(j) neither expressly requires defendants seeking a belated appeal to allege that the issues that would be presented on appeal are potentially meritorious nor expressly distinguishes between defendants who pleaded guilty and those who were convicted after a trial. Instead, the rule simply provides that the petition for belated appeal should include:
(F) the specific facts sworn to by the petitioner or petitioner's counsel that constitute the alleged ineffective assistance of counsel or basis for entitlement to belated appeal, including in the case of a petition for belated appeal whether the petitioner requested counsel to proceed with the appeal.
Fla. R.App. P. 9.140(j)(2)(F).
The language of rule 9.140(j)(2)(F) is consistent with this Court's opinions in Baggett and Meyer, neither of which required the defendants to make any showing of even "arguable reversible error" as a precondition to obtaining the belated appeal. Baggett, 229 So.2d at 243; see Meyer, 430 So.2d at 443. Further, the committee notes to the rule indicate that it was intended to reinstate the Baggett procedure. Fla. R.App. P. 9.140 Committee Notes (1996). To require defendants to allege not only how they were deprived of their right to appeal but also to address the merits of the appeal would impose a requirement not contained in any of our prior case law or in the language of rule 9.140(j).
While we acknowledge that neither Baggett nor Meyer involved belated appeals from convictions entered pursuant to a plea of guilty or nolo contendere, nothing in the reasoning of our prior opinions suggests that they were intended to exclude defendants who entered a plea agreement. As we stated in Amendments, defendants must have the right under the Florida Constitution to an appeal from a guilty plea, although the issues that can be raised on appeal are limited. 696 So.2d at 1104-05.[3] Since defendants who plead guilty retain the right to raise limited issues on appeal, the reasoning of Baggett and Meyer should apply in the guilty plea context to allow a belated appeal if the defendant alleges, as Trowell did here, that court-appointed counsel failed to file the notice of appeal as requested.
This conclusion is reinforced by concerns that a contrary procedure would erode an indigent defendant's constitutional right to the assistance of counsel on appeal. Under the United States Constitution, if the State grants a defendant the right to appeal, the State cannot require a *81 defendant to show that the appeal would be meritorious as a precondition to obtaining the assistance of counsel on appeal. See Douglas v. California, 372 U.S. 353, 357-58, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Likewise, the State cannot condition a belated appeal upon a defendant making a showing, before counsel is appointed, that the appeal would be meritorious. See Rodriquez, 395 U.S. at 330, 89 S.Ct. 1715 ("Those whose right to appeal has been frustrated should be treated exactly like any other appellants....").
Our position is consistent with federal court opinions holding that, although a defendant pleaded guilty, the failure of counsel to file a notice of appeal upon request constituted ineffective assistance as a matter of law. See, e.g., Castellanos v. United States, 26 F.3d 717, 719 (7th Cir.1994); United States v. Peak, 992 F.2d 39, 40-42 (4th Cir.1993); Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir.1990); Estes v. United States, 883 F.2d 645, 648-49 (8th Cir.1989). These courts reasoned that if a defendant is provided an appeal as of right, counsel's failure to file a notice of appeal as requested deprives the defendant of a constitutional right to effective assistance of appellate counsel. See, e.g., Castellanos, 26 F.3d at 719-20; Peak, 992 F.2d at 40-42; Abels, 913 F.2d at 823; Estes, 883 F.2d at 648-49. Further, the Strickland[4] "prejudice" prong does not apply to situations where a defendant has been deprived of the right to appellate counsel altogether. See, e.g., Castellanos, 26 F.3d at 719-20; Peak, 992 F.2d at 41-42; Abels, 913 F.2d at 823; Estes, 883 F.2d at 648-49; see also Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As a result, the federal courts rejected a contrary rule requiring defendants to make allegations that they suffered prejudice from the failure of counsel to file a notice of appeal because the appeal would have presented meritorious issues. See, e.g., Castellanos, 26 F.3d at 719-20; Peak, 992 F.2d at 41-42; Abels, 913 F.2d at 823; Estes, 883 F.2d at 648-49.
In Florida, defendants who plead guilty are not presently required to allege the existence of a fundamental or Robinson error as a prerequisite to filing a notice of appeal. We find that this additional pleading requirement should not be placed on defendants who have been deprived of an appeal by the actions of counsel.
The practical result of our decision will be to ensure that defendants are afforded the assistance of counsel in presenting any meritorious issues to the appellate court. The belated appeals of defendants who pleaded guilty or nolo contendere, however, will be subject to dismissal or an affirmance if there is no reviewable error. See Trowell, 706 So.2d at 337. Although the appeal may ultimately result in a dismissal or an affirmance, this disposition will occur after a defendant has been granted the assistance of counsel to ascertain whether any meritorious issues exist and to present these issues to the appellate court. This result is not a departure from our precedent, but rather logically follows from the prior opinions of this Court in Baggett and Meyer, which do not require defendants seeking belated appeals to allege that their appeals would be potentially meritorious if granted.
In conclusion, we hold that the appellate court should grant a petition seeking a belated appeal if the defendant alleges that a timely request of counsel to file the notice of appeal was made and that counsel failed to do so. If the State raises a good faith basis to dispute the defendant's claims through affidavit or specific contrary allegations, the appellate court may order an evidentiary hearing in the trial court to determine the limited disputed issues of fact.[5]See Denson, 710 So.2d at *82 145; Reese v. State, 23 Fla. L. Weekly D2307, ___ So.2d ___, 1998 WL 712930 (Fla. 4th DCA Oct.14, 1998); Wessells v. State, 23 Fla. L. Weekly D1475 (Fla. 1st DCA Jun.15, 1998).
We therefore approve the district court's decision in Trowell. We disapprove the contrary decisions from the Second and Third District, including Bridges, Gonzalez, Loadholt, and Zduniak.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissenting with an opinion.
WELLS, J., dissenting.
I agree with the dissenters in the district court in this case. I conclude that the distinction involved when a defendant pleads guilty or nolo contendere simply must be recognized. This was clearly a distinction which the legislature strongly intended be recognized when it passed the 1996 Criminal Appeal Reform Act.
I further conclude that it is proper in the administration of the courts that the burden be on the person who is not in compliance with the time requirements of the rules to make a minimal meritorious allegation. Otherwise, the time requirements of the rules may be simply ignored with impunity.
Finally, I do not agree with the concept of per se ineffective assistance of counsel which dispenses with the prejudice prong of Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), especially in cases in which the defendant pleads guilty or nolo contendere.
The majority lays substantial stress upon State v. Meyer, 430 So.2d 440 (Fla. 1983), which I find to be distinguishable. First, the defendants in that case were found guilty-they did not plead guilty. Second, this Court denied the belated appeal. Third, though this Court said that in that instance there was per se ineffective assistance of counsel, the Court did not squarely deal with the prejudice prong of Strickland, which would have been considered in the collateral attack which the Court stated was "open" to the defendants; however, the Court did not assure that the collateral attack would be successful. I do not believe Meyer should be stretched to eliminate the prejudice prong in cases in which there has been a guilty plea or a plea of nolo contendere. Likewise, Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), does not deal with a guilty or nolo contendere plea.
The 1996 amendment to rule 9.140(j)(2)(F), in authorizing belated appeals to be filed in the appellate court, requires facts alleging the ineffective assistance of counsel to be specifically alleged but does not state that a prejudice allegation is eliminated. The 1996 amendment does specifically delineate the limitation as to appeals for defendants who have pled guilty or nolo contendere under rule 9.140(b)(2)(B). I believe that subdivision 9.140(b)(2)(B) should be read in pari materia with rule 9.140(j)(2)(F).
NOTES
[1] Although the State argues that section 924.051(4), Florida Statutes (Supp.1996), of the Criminal Appeal Reform Act is applicable in this case, we disagree. Trowell filed this postconviction motion in 1993, well before the Act went into effect on July 1, 1996. The First District's decision in this case did not apply the Criminal Appeal Reform Act or address its applicability.
[2] In addition, the motion asserted that court-appointed counsel failed to honor Trowell's request to call witnesses to testify before the entry of the plea and failed to object that Trowell was under medication at the time he entered the guilty plea. The First District affirmed the summary denial of relief on these grounds because Trowell failed to allege sufficient facts to state a basis for relief. See Trowell v. State, 706 So.2d 332, 333 (Fla. 1st DCA 1998). Trowell did not cross-appeal this ruling, and thus the propriety of the denial of relief on these issues is not before us.
[3] Under Florida Rule of Appellate Procedure 9.140(b)(2)(A), defendants who plead guilty or nolo contendere may also expressly reserve a legally dispositive issue for appellate review.
[4] Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[5] In the commentary to the amended rule, the Committee Notes provide that "[i]n the rare case where entitlement to belated appeal depends on a determination of disputed facts, the appellate court may appoint a commissioner to make a report and recommendation." Fla. R.App. P. 9.140(j) Committee Notes (1996) (emphasis supplied).