742 So.2d 342 (1999)
Victoria D. WALKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-948.
District Court of Appeal of Florida, Third District.
August 4, 1999.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, Simone P. Firley, Assistant Attorney General, for appellee.
Before COPE, LEVY and GODERICH, JJ.

On Rehearing Granted
COPE, J.
On the court's own motion, the court withdraws the opinion dated May 19, 1999, and substitutes the following opinion.
Vontoria Devon Walker filed a petition for belated appeal of multiple criminal convictions entered on a plea of guilty. In the plea colloquy, defendant-appellant Walker expressly waived the right to appeal. Defendant asserts that after sentencing, he asked his attorney to appeal and counsel informed him that because of the plea, he had given up his right to appeal the judgment and sentence. Consequently no appeal was filed.
Defendant filed a petition in this court for belated appeal. This court initially denied the petition by opinion dated May 19, 1999. Eight days later, the Florida Supreme Court announced State v. Trowell, 739 So.2d 77 (Fla.1999), which held that:
[T]he appellate court should grant a petition seeking a belated appeal if the defendant alleges that a timely request of counsel to file the notice of appeal was made and that counsel failed to do so. If the State raises a good faith basis to dispute the defendant's claims through affidavit or specific contrary allegations, the appellate court may order an evidentiary hearing in the trial court to determine the limited dispute issues of fact.
Id. at 78 (footnote and citations omitted).[*] This court ordered rehearing in light of *343 Trowell and appointed the public defender to represent the defendant.
The defendant's sworn petition asserts that after his sentencing, he asked his privately retained counsel to file a notice of appeal. He further states that counsel "told me that because I had entered into a plea agreement with the State, I had given up my right to appeal my judgment and sentence."
This court directed the State to contact defendant's former trial counsel to determine whether there was a disputed issue of fact regarding the request for an appeal. Defense counsel responded that he had no independent recollection one way or the other, but stated that when a client requests an appeal after a guilty plea his normal practice is to inform a defendant that he is not entitled to such since he waived those rights when he pled.
We conclude that defendant is entitled to a belated appeal, and that an evidentiary hearing is not necessary. Defendant's account matches the advice defense counsel says he would have given if asked, and defense counsel does not recall one way or the other whether he was asked. See Trowell v. State, 706 So.2d 332, 338 (Fla. 1st DCA 1998) (en banc) ("In that Trowell's trial attorney has not denied that his client timely requested him to file an appeal, we reverse the order of denial [of belated appeal] as it relates to this issue."), decision approved, State v. Trowell, 739 So.2d at 78. The public defender informs us that the defendant has previously been determined to be insolvent for costs, and that appointment of the public defender is appropriate.
As we understand Trowell, the procedure at this point is for appointed appellate counsel to review the file to determine whether there is any meritorious issue for appeal. The issues on which a defendant may directly appeal after a guilty or no contest plea are now found in Florida Rule of Appellate Procedure 9.140(b)(2). See also id. 1996 committee note; Robinson v. State, 373 So.2d 898 (Fla.1979). If any such appealable issue exists and has arguable merit, the public defender shall brief it. If not, a brief shall be filed under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
Petition for belated appeal granted.
NOTES
[*] The supreme court explicitly disapproved this court's earlier decisions in Gonzalez v. State, 685 So.2d 975 (Fla. 3d DCA 1997), and Loadholt v. State, 683 So.2d 596 (Fla. 3d DCA 1996). The Trowell decision has also necessarily disapproved this court's decisions, to the extent they disallow belated appeals, in Canty v. State, 730 So.2d 385, 386 (Fla. 3d DCA 1999); Canton v. State, 729 So.2d 994 (Fla. 3d DCA 1999); Ponce v. State, 722 So.2d 838, 839 (Fla. 3d DCA 1998); Battle v. Singletary, 718 So.2d 323, 324 (Fla. 3d DCA 1998); Gonzalez v. Singletary, 713 So.2d 1057, 1058 (Fla. 3d DCA) review granted, 719 So.2d 892 (Fla.1998); and White v. Singletary, 711 So.2d 640 (Fla. 3d DCA 1998). See Trowell, 739 So.2d at 78.