PARIENTE, J.
We have for review the decision in Morse v. Singletary, No. 98-01279 (Fla. 2d DCA July 21, 1998), which the district court certified to be in conflict with the opinion in Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We recently approved First District’s opinion in Trowell on the issue of what allegations a defendant who pleaded guilty must include in a petition seeking a belated appeal. See State v. Trowell, 739 So.2d 77 (Fla.1999). Accordingly, we quash the decision below on the authority of our *501 opinion in Trowell, and remand for farther proceedings in light of that opinion.[1]
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, LEWIS and QUINCE, JJ., concur.

. The State asserts that sections 924.06(3) and 924.051(4), Florida Statutes (1996), of the Criminal Appeal Reform Act are applicable. However, the district court neither relied upon the Criminal Appeal Reform Act as a basis of its decision nor addressed its applicability. Accordingly, we decline to do so here.