PER CURIAM.
Justo Loret de Mola seeks a writ of habeas corpus. We treat this as a petition for belated appeal under Florida Rules of Appellate Procedure 9.140(j). We grant the petition in part and deny it in part.
On October 28, 1993, following a jury trial (case number 93-22332), Loret de Mola was sentenced to twenty-seven years in state prison for burglary of an unoccupied dwelling, grand theft in the third degree and violations of probation. At the same time, the trial court addressed four additional cases on which the defendant wished to enter pleas (case numbers 93-24281, 93-25006, 93-25007, and 93-25008). Loret de Mola was sentenced to twenty years in each case. On November 24, 1993, defense counsel filed a Notice of Appeal for case number 93-22332. On December 13, 1993, defense counsel filed a Notice of Voluntary Dismissal which was granted on December 20,1993.
Loret de Mola claims ineffective assistance of counsel in that his appellate counsel never contacted him nor notified him of the dismissal of his appeal. The Florida Supreme Court recently held in State v. Trowell, 739 So.2d 77, 24 Fla. L. Weekly S235 (Fla. 1999) that:
[T]he appellate court should grant a petition seeking a belated appeal if the defendant alleges that a timely request of counsel to file the notice of appeal was made and that counsel failed to do so. If the State raises a good faith basis to dispute the defendant’s claims through affidavit or specific contrary allegations, the appellate court may order an eviden-tiary hearing in the trial court to determine the limited disputed issues of fact.
Id. at S237, 81 (footnote and citations omitted). This case is similar to Trowell. Loret de Mola asked his counsel to file a notice of appeal but claims he was not notified that it was voluntarily dismissed and did not consent to the dismissal; in effect, he alleges a failure on his counsel’s part to adequately appeal his case. In response, the State produces claims from Loret de Mola’s defense counsel that, as a general practice, he would not have voluntarily dismissed an action without the express consent of his client. Neither the state nor Loret de Mola presents any affidavits or supporting documentation to support these allegations. Because a credibility determination arises from these allegations, we direct the trial court to conduct an evidentiary hearing on this limited issue.
Loret de Mola also claims a lack of recall of any pleas entered in the four additional cases. Section 924.051(4), Florida Statutes (1997), provides that “if a defendant pleads guilty without expressly reserving the right to appeal a legally dis-positive issue, the defendant may not appeal the judgment or sentence.” Rule 9.140 outlines specific appealable issues when a defendant pleads guilty. A review of the plea colloquy clearly reveals the *867 trial court’s explanation of the plea arrangements for the four cases. The hearing transcripts show that the trial court specifically addressed the consequences of the pleas and Loret de Mola’s agreement. Loret de Mola expressly waived his right to appeal the convictions and sentences for these four cases. He does not allege that he requested his counsel to appeal these guilty pleas nor that he can appeal under any of the exceptions. Therefore, we deny the petition as to this claim.
For the above reasons, we grant Loret de Mola’s petition for a belated appeal and direct the trial court to conduct an eviden-tiary hearing on the limited issue of the ineffectiveness of counsel in voluntarily dismissing the appeal. As to Loret de Mola’s second claim, we deny his petition.
Petition for Writ of Habeas Corpus GRANTED in part and DENIED in part.