745 So.2d 1060 (1999)
Anthony EDWARDS, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-2920.
District Court of Appeal of Florida, First District.
November 10, 1999.
Rehearing Denied December 13, 1999.
Anthony Edwards, pro se, petitioner.
Robert A. Butterworth, Attorney General, and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Anthony Edwards seeks a belated appeal from judgment and sentence of the Circuit Court for Duval County. According to petitioner, he timely requested his trial counsel to file a notice of appeal and that request was not honored.
The state opposes the petition, contending that it is untimely. We find this contention to be without merit. The judgment and sentence were rendered in April 1996 and, at that time, petitioner's claim would have been cognizable pursuant to Florida Rule of Criminal Procedure 3.850. See State v. District Court of Appeal, First District, 569 So.2d 439 (Fla.1990). Rule 3.850(b) places a two year time limit on such claims. However, before that time expired in petitioner's case, Florida Rule of Appellate Procedure 9.140(j) was adopted effective January 1, 1997. This shifted jurisdiction of claims of this nature from the trial courts to the appellate courts and also implemented a two year time limit but rule 9.140(j)(3)(C) provides that "[t]ime periods under this subdivision shall not begin to run prior to the effective date of this rule." Thus, the instant petition, which was filed in July of 1998,[1] was *1061 timely. The state's reliance on Finch v. State, 717 So.2d 1070 (Fla. 1st DCA 1998) is misplaced because there, unlike the instant case, the time for raising the claim pursuant to Rule 3.850 had expired prior to Rule 9.140(j) becoming effective.
Petitioner has made a showing of entitlement to relief, State v. Trowell, 739 So.2d 77 (Fla.1999), and respondent has failed to create an issue of fact which would require a hearing. Schubert v. State, 737 So.2d 1102 (Fla. 1st DCA 1998). Accordingly, the petition for belated appeal from judgment and sentence in Duval County case number 95-01111-CF is granted. Upon issuance of mandate in this cause, a copy of the opinion shall be provided to the clerk of the lower tribunal for treatment as a notice of appeal. Fla. R.App. P. 9.140(j)(5)(D). If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent petitioner on appeal.
BARFIELD, C.J., MINER and ALLEN, JJ., concur.
NOTES
[1] Consideration of this petition on its merits was stayed by this court until final disposition of State v. Trowell, 739 So.2d 77 (Fla.1999).