PER CURIAM.
By sworn petition seeking belated appeal pursuant to Florida Rule of Appellate Procedure 9.140(j), petitioner asserts that he timely requested that court appointed counsel file a notice of appeal of his judgment and sentence rendered April 10, 1996. The state opposes the petition contending that it is untimely. The state argues that the petition for belated appeal was filed more than two years after the judgment and sentence became final and is thus time barred pursuant to Florida Rule of Criminal Procedure 3.850(b). However, before the two year time limit of rule 3.850 expired, Florida Rule of Appellate Procedure 9.140(j) was adopted effective January 1,1997. Thus, this petition, which was filed October 28, 1998,[1] is timely pursuant to this court’s recent decision in Edwards v. State, 745 So.2d 1060 (Fla. 1st DCA 1999).
As in Edwards, the state has failed to create an issue of fact which would require a hearing. Schubert v. State, 737 So.2d 1102 (Fla. 1st DCA 1998). Accordingly, the petition' for belated appeal from the judgment and sentence rendered. April 10, 1996, in Duval County case number 94-9774-CF, is granted. Upon issuance of mandate in this cause, the circuit court shall treat this court’s mandate as the notice of appeal. Fla. R.App. P. 9.140(j)(5)(D). If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent petitioner on appeal.
BARFIELD, C.J., and ERVIN and BROWNING, JJ., concur.

. Consideration of this petition on the merits was stayed by this court until final disposition of State v. Trowell, 739 So.2d 77 (Fla.1999).