On Petition for Belated Appeal

COPE, J.
Carlos Rios petitions for a belated appeal, contending that an appeal filed on his behalf should not have been voluntarily dismissed. We appointed the Honorable Mark King Leban to serve as a commissioner of this court and take testimony. The Commissioner has recommended that the petition for belated appeal be denied, and we agree.
Defendant-petitioner Rios entered into a plea bargain for a five-year sentence on drug trafficking charges. The Commissioner found as a factual matter that the defendant never requested that an appeal be taken. However, when the special assistant public defender returned defendant’s file to the public defender’s office, it was sent to the appellate division which filed a notice of appeal even though no appeal had been requested. It came as a surprise to the defendant that an appeal was pending, since he had not requested one.
When the appellate division of the public defender’s office received the plea colloquy and sentencing transcripts, the assistant public defender found that there was no basis for an appeal. Further, if by some chance the plea were set aside on appeal, the State would be entitled to reinstate the original charges, and the defendant would be exposed to the possibility of receiving a thirty-year mandatory minimum sentence.
•The assistant public defender, with his secretary acting as interpreter, called petitioner in prison, explained that there was no legal basis to set aside the plea and that the sentence he received was quite favorable, being below the sentencing guide *889 lines. After learning that in the event of a successful appeal, defendant would again be exposed to the possibility of receiving a thirty-year mandatory minimum sentence, defendant agreed with the assistant public defender’s recommendation to voluntarily dismiss the appeal. The assistant public defender did so.
Subsequently the defendant filed this petition for belated appeal, contending that counsel was ineffective in taking the voluntary dismissal. We agree with the Commissioner’s conclusion that the actions of the assistant public defender were entirely proper. In the first place, defendant never asked for an appeal, see State v. Trowell, 739 So.2d 77, 80 (Fla.1999), and it was only through administrative inadvertence that an appeal was filed at all. Second, the assistant public defender rendered sound advice in recommending that the defendant not attack the very favorable plea bargain he had received. Third, the Commissioner determined that the defendant had accepted that advice and authorized the voluntary dismissal. We agree with Judge Leban’s analysis and deny the petition for belated appeal.
In his pro se submission, defendant argues that a belated appeal should be allowed at this time so that he can raise an issue under Heggs v. State, 759 So.2d 620 (Fla.2000), which held the 1995 sentencing guidelines unconstitutional on account of a single subject violation. Our denial of the belated appeal is without prejudice to the defendant to file a motion for postconviction relief. We express no opinion on the merit of defendant’s Heggs claim.
Petition denied.