PER CURIAM.
This petition seeks belated appeal of a judgment and sentence. This court relinquished jurisdiction to the circuit court to conduct an evidentiary hearing. After hearing testimony from petitioner and trial counsel, the Special Master has issued a report and recommendation that belated appeal be denied. We affirm the Special Master’s report and deny the petition on the merits. We write to address two issues concerning an affidavit submitted by trial counsel.
Trial counsel’s affidavit stated that it was her policy to require a defendant to provide counsel with written notice of his or her desire to appeal. There is no requirement that a client must submit a written request to his or her attorney in order to secure the right to appeal. The time for filing a notice of appeal is jurisdictional. Fla. R.App. P. 9.140(b)(8). Any delays in filing a notice of appeal caused by requiring a defendant to submit a written request for appeal after a timely oral request is made will establish grounds for obtaining a belated appeal. State v. Trowell, 739 So.2d 77 (Fla.1999) (stating that an appellate court should grant a petition seeking belated appeal if the defendant establishes that a timely request of counsel to file the notice of appeal was made and counsel failed to do so).
Trial counsel’s affidavit also stated that even if petitioner had made a timely request for an appeal, counsel would not have filed a notice of appeal because the defendant entered a plea. Although there *616 are limits to the issues that may be raised, a defendant who enters a guilty or nolo contendré plea does have the right to appeal pursuant to Florida Rule of Appellate Procedure 9.140(b)(2)(A). A defendant who enters a plea may expressly reserve the right to appeal a prior dispositive order of the trial court. Fla. R.App. P. 9.140(b)(2)(A)(i). Even if no express reservation to appeal a dispositive issue is made, a defendant who enters a plea retains the right to appeal the trial court’s lack of subject matter jurisdiction, a violation of the plea agreement if preserved, an involuntary plea if preserved by a motion to withdraw plea, a sentencing error if preserved, or as otherwise provided by law. Fla. R.App. P. 9.140(b)(2)(A)(ii).
PETITION DENIED.
HAWKES, C.J., VAN NORTWICK and BROWNING, JJ., concur.