PALMER, J.
 

 Chad Wood (defendant) appeals the final order entered by the trial court denying his motion for post-conviction relief filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. Determining that the trial court erred in failing to consider the contents of the memorandum of law which the defendant filed in support of his rule 3.850 motion, which was timely filed and sworn to under oath, we reverse and remand to allow the trial court to properly consider the contents of the memorandum.
 

 The defendant filed a motion seeking post-conviction relief following his conviction on one count of sexual battery on a person under twelve years of age. After his motion was twice dismissed with leave to amend, the defendant filed a second amended motion for post-conviction relief. The motion set forth the same ten claims as were set forth in his previous motions and the motion contained a proper oath. At the same time, the defendant filed a separate amended memorandum of law which set forth additional factual details and claims of ineffective assistance of counsel. The memorandum of law also contained a proper oath. All filings were timely.
 
 [1]
 
 The trial court summarily denied all but one of the defendant’s ten claims for relief set forth in his motion and, after conducting an evidentiary hearing thereon, denied that claim as well. We affirm the trial court’s rulings without discussion except for four claims which the trial court summarily denied as being facially insufficient without properly considering the contents of the defendant’s memorandum of law.
 

 With regard to sub-claim 2 under claim 7, the defendant argued that his trial counsel was ineffective for failing to make objections during the State’s presentation of its witnesses and during the State’s closing argument. The trial court denied the sub-claim on the following basis:
 

 Defendant does not identify any specific matters that were actually objectionable, how he was prejudiced within the meaning of
 
 Strickland
 
 by the absence of any particular matter, nor does he allege the
 
 *57
 
 legal grounds upon which any such objections should have been stated.
 

 The defendant challenges this ruling arguing that his memorandum of law contained sufficient allegations of fact to warrant the grant of an evidentiary hearing. His amended memorandum of law did, in fact, set forth several pages of specific facts relating to the issue of trial counsel’s failure to object to improper comments made during the prosecutor’s closing argument and defense counsel’s failure to object during the course of trial. It is clear from the record that the trial court did not consider the facts set forth in the defendant’s memorandum of law before denying the defendant’s claim.
 

 In
 
 Gamble v. State,
 
 901 So.2d 376 (Fla. 2nd DCA 2005), the defendant appealed the trial court’s dismissal of his rule 3.850 motion. In the motion, the defendant raised four claims of ineffective assistance of counsel. The trial court dismissed the motion on the basis that it was facially insufficient because it failed to set forth any allegation of prejudice. The defendant appealed. Upon review, the Second District agreed that the motion was facially insufficient but held that the trial court should have considered the sworn memorandum of law that the defendant had filed with his motion:
 

 That memorandum details the facts that Mr. Gamble contends demonstrate prejudice, adds new claims, and expands on those contained in the motion. Because the memorandum is properly sworn, the trial court should have considered it in evaluating the sufficiency of Mr. Gamble’s claims.
 
 Cf. Beck v. State,
 
 801 So.2d 964 (Fla. 2d DCA 2001) (holding that the trial court may only consider postconviction motions and supporting memoranda if properly sworn);
 
 Courson v. State,
 
 652 So.2d 512 (Fla. 5th DCA 1995) (holding that the trial court correctly ignored an unsworn memorandum but erred in disregarding sworn allegations in an affidavit attached to the memorandum). Accordingly, we reverse and remand for the trial court to reconsider Mr. Gamble’s motion taking into account his sworn memorandum of law as well as his motion.
 

 Id.
 
 at 377.
 

 We agree with the reasoning of
 
 Gamble
 
 and hold that the trial court was required to consider the defendant’s memorandum of law when ruling on the defendant’s request for rule 3.850 relief. Accordingly, we remand this matter so the trial court can consider the facts set forth in the memorandum of law in determining whether the defendant is entitled to receive an evidentiary hearing on this sub-claim.
 

 In addition, the defendant argues that the trial court erred by failing to address any of the additional claims for relief which were set forth in the defendant’s memorandum of law. In the memorandum, the defendant alleged that he was entitled to receive post-conviction relief because his trial counsel failed to conduct a proper opening statement and/or a proper judgment of acquittal argument, and because trial counsel’s “multiple deficient acts and failures had a cumulative effect” that denied the defendant’s right to receive a fair trial. We note that, in cases where a rule 3.850 motion and sworn memorandum of law, when read together, are too contradictory or confusing to properly be analyzed, the trial court has the discretion to require the defendant to file a single document incorporating all of the arguments. However, in this case the pleadings were facially sufficient, yet the trial court did not expressly address or rule on any of the additional claims for post-conviction relief set forth in the defendant’s memorandum of law. As such, this matter must be
 
 *58
 
 remanded so that the trial court can consider and rule on those additional claims.
 

 The State contends that the defendant waived his right to raise this claim of error on appeal because he “never pointed out to the court that there were additional claims [for post-conviction relief] hidden within the lengthy memorandum”. The State fails to cite to any statutory or case law which supports this waiver argument. In fact, no law requires the defendant to do more than to file a proper rule 3.850 pleading in order to be entitled to receive full review thereof by the trial court.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 MONACO, C.J., and ORFINGER, J., concur.
 

 [1]
 

 .
 
 Compare Rincon v. State,
 
 996 So.2d 922 (Fla. 4th DCA 2008)(holding that trial court erred in considering defendant’s untimely amendments to his rule 3.850 motion).