On Motion for Rehearing

PER CURIAM.
We grant respondent’s motion for rehearing, withdraw our previously issued opinion and substitute the following in its place.
We grant the petition for belated appeal. In his sworn petition, petitioner stated that he had asked his attorney to appeal his conviction and sentence and had been assured that his attorney was taking care of the appeal. He found out that no appeal had been filed only after his mother directly contacted the court after waiting for a decision for over two years. We ordered the state to respond, and the response indicated that it had contacted petitioner’s trial counsel who had denied receiving any directions to appeal. Therefore, we ordered a hearing to be conducted pursuant to State v. Trowell, 739 So.2d 77 (Fla.1999).
At the hearing where petitioner, his mother, and his trial attorney all testified, the petitioner testified that he requested that his attorney file an appeal, and he followed that up with a letter. His attorney, however, testified that he had no recollection of being directed to file an appeal either orally or in writing. Because his law office had been closed due to his illness after he had represented petitioner at the plea hearing, the attorney no longer had any file to determine whether he had received any written instructions to appeal. Based upon findings consistent with this testimony, and “in the absence of any corroborating evidence that [petitioner] timely requested his trial attorney ... to file a timely appeal,” the commissioner recom *1069 mended that the belated appeal be dismissed.
In Trowell, the Florida Supreme Court established the procedural steps for an appellate court to follow in determining a petition for belated appeal:
[T]he appellate court should grant a petition seeking a belated appeal if the defendant alleges that a timely request of counsel to file the notice of appeal was made and that counsel failed to do so. If the State raises a good faith basis to dispute the defendant’s claims through affidavit or specific contrary allegations, the appellate court may order an eviden-tiary hearing in the trial court to determine the limited disputed issues of fact.
Id. at 81. The petition in this case complied with this procedure by stating that petitioner had timely requested counsel to file the notice of appeal. The state’s response contested this by stating that petitioner’s counsel represented that he did not receive instructions to file an appeal. We appointed a commissioner to resolve this disputed issue of fact. At the hearing, however, the petitioner’s attorney testified, and the commissioner found, that the attorney had no recollection of being directed to file an appeal.
Testimony that petitioner’s attorney had no recollection of being asked to appeal is insufficient to show a good faith basis to dispute petitioner’s sworn testimony. See Reese v. State, 748 So.2d 1104 (Fla. 4th DCA 1998) (no hearing required where petition states that defendant asked attorney to appeal, and attorney has no independent recollection of the request); Walker v. State, 742 So.2d 342 (Fla. 3d DCA 1999) (where state’s response shows that defendant’s attorney had no specific recollection of a request to appeal, state has not shown a good faith dispute to be resolved); Trowell v. State, 706 So.2d 332, 338 (Fla. 1st DCA 1998) (same).
We therefore grant the petition.
WARNER, HAZOURI and DAMOORGIAN, JJ., concur.